# Barnes *v.* Common Council of Alexander City.

## *Prosecution for Violation of Municipal Ordinance.*

1. *Proof of municipal ordinance.*—In a prosecution for the violation of a municipal ordinance, the ordinance may be proved by the "Book of Ordinances" kept by the municipal authorities, in which it is recorded; but, if the regularity of its enactment is questioned, resort must be had to the journals, or record of proceedings.

[Barnes v. Common Council of Alexander City.]

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. JAS. R. DOWDELL.

JOHN A. TERRELL, for appellant.

THOS. L. BULGER, *contra.*

McCLELLAN, J.—The present appeal is prosecuted from
a judgment of conviction rendered by the Circuit Court, on
appeal from a judgment of the Mayor of Alexander City,
convicting the appellant of violating an ordinance of the
town. The assignments of error are predicated upon the
action of the Circuit Court in allowing proof of the ordinance
alleged to have been violated to be made by the identifica-
tion and introduction "or a book called the 'Ordinance Book' of
the town, in which said ordinance was recorded," and in which
it was shown all the ordinances of the town were recorded.
No question was raised as to the regularity of the enactment,
or as to the sufficiency of the publication of the ordinance;
but the sole point of the objection appears to be, that the
*existence* of the by-law could not be proved in the manner
allowed. We do not think the objection is tenable. "Even
in the absence of statutory provision," say Horr & Bemis,
"the printed volume containing the city ordinances is *prima
facie* evidence, and will be considered sufficient proof of their
existence until controverted;" and in like manner, a book
purporting to contain all the ordinances, and shown to be in
the custody of the corporation, as shown here, will be re-
ceived without further attestation.—H. & B. Mun. Ord.
§ 185; *Barr v. Auburn*, 81 Ill. 361; *Tipton v. Norman*,
72 Mo. 380.

Where the point at issue involves the proper and regular
enactment of the ordinance, and not merely its *prima facie*
existence as a law of the town, a different mode of proof
must be resorted to. It then becomes necessary to have re-
course to the journals of the town meeting, and from them it
must appear that every essential step in the enactment of
the law has been observed and taken. In other words, proof
of the existence and identity of the ordinance offered should
by right be all that is required of the prosecution in any
case, until some showing has been made that there was
irregularity in the enactment of the ordinance; in which case
it becomes necessary to prove that it was properly enacted,
in order to sustain a conviction or judgment. If no such

[Catching v. Bowden.]

question is raised, the presumption that the ordinance was properly passed, becomes conclusive.—H. & B. Mun. Ord., § 185; *Felore v. Lee*, 5 Ill. App. 629.

The judgment of the Circuit Court is affirmed.