# Lane *v.* City of Tuscaloosa.

## *Violating Municipal Ordinance.*

(Decided December 17. 1914.  67 South. 778.)

1. *Evidence; Presumptions.*—A thing proven to have existed is presumed to have continued until the contrary is shown; hence, it is unnecessary to show that an ordinance remained in effect, since under section 1258, the ordinance took effect from and after its publication.

2. *Municipal Corporations; Ordinances; Violation.*—In a prosecution for violating a municipal ordinance prohibiting the selling or keeping of liquors, evidence that liquors in unusual quantities and in packages convenient for sale were found concealed in defendant's house, together with evidence that he had made a sale at his home a short time previous, was sufficient on which to submit the case to the jury.

3. *Same; Enactment; Ordaining Clause.*—Whether or not the provisions of section 1252 are merely directory, yet under section 1259, Code 1907, the book of ordinances was prima facie proof of the validity of the ordinance and the burden was on the defendant to rebut the presumption afforded by the statute, and to show that the ordinance was not properly enacted.

4. *Same; Other Offenses.*—On a charge of keeping or selling liquor in violation of a municipal ordinance, evidence of a previous sale, in connection with other evidence tending to show a keeping, was admissible to show the purpose of the keeping, and to rebut the presumption that they were kept for private use.

APPEAL from Tuscaloosa County Court.

Heard before Hon. Henry B. Foster.

From a conviction for violating a municipal ordinance of the city of Tuscaloosa, Charlie Lane appealed to the Tuscaloosa county court, and on conviction by that court he appeals here.    Affirmed.

The matters complained of sufficiently appear from the opinion.  Section 3 of the ordinance is as follows:

It shall be unlawful for any firm, corporation, person or association within this city to manufacture, sell, offer for sale, keep or have in possession for sale, barter, exchange, give away, furnish at public places or elsewhere, or otherwise dispose of prohibited liquors and beverages described in section 1 of this ordinance, or any of them, in any quantity; but this inhibition does not include, and nothing in this ordinance shall affect the social serving of such liquors or beverages in private residences in ordinary social intercourse:   Provided, however, that nothing in this ordinance contained shall repeal sections 2, 3, 4, 5, 6, 7, 8, 9, and 10 of an act of the Legislature approved November 23, 1907, entitled "An act to prohibit the manufacture, sale, barter, exchange, giving away to induce trade, the furnishing at public places, or otherwise disposing of any alcoholic, spirituous, vinous or malt liquors, intoxicating liquors or beverages, or other liquors or beverages by whatever name called, which if drunk to excess will produce intoxication, except the sale of alcohol in certain cases, and upon certain conditions, and except the sale of wine for sacramental purposes," which said section of said act shall remain in full force and effect; any violation of any section of this ordinance shall be a misdemeanor punishable by fine for not more than $100, to which, at the discretion of the court or judge trying the case, may be added imprisonment in the city jail or confinement at hard labor for the city for not more than six months.

[Lane v. City of Tuscaloosa.]

WRIGHT & FITE, for appellant. The evidence fails to show that the ordinance was in force and effect at the time of its alleged violation.—*Adler v. Martin*, 59 South. 597; *Excelsior Steam Laundry v. Lomax*, 166 Ala. 620. The evidence did not bring the case within the purview of the Fuller bill, and consequently not within the ordinance.—Acts 1909, p. 64. There was an election and the court erred in permitting proof of other offenses.—*Willingham v. The State*, 64 South. 544; *Moore v. The State*, 64 South. 520. The evidence was insufficient to justify a conviction.—*Fitzpatrick v. State*, 165 Ala. 202; *Starks v. State*, 64 South. 158; *Perry v. State*, 65 South. 583; *Stansberry v. State*, 53 South. 783; *McComb City v. Hill*, 56 South. 346; *Rice v. State*, 113 Pac. 203; *Buffo v. State*, 113 Pac. 233; *Guiaccimo v. State*, 115 Pac. 129; *State v. Rookard*, 69 S. E., 1076.

BROWN & WARD, for appellee. A thing once shown to be in effect is presumed to continue in existence until the contrary is proven, and the burden was on the defendant to show that the ordinance was not in effect and also that it had not been properly enacted. Sections 1259 and 3989, Code 1907. There was no error in the admission of evidence, and the evidence authorized a submission to the jury of the question of defendant's guilt.—*Priest v. State*, 59 South. Rep. 318; *Foshee v. State*, 63 South. Rep. 753; *Salley v. State*, 64 South. Rep. 185; *Lee v. State*, 64 South. Rep. 637; *Com. v. Miskell*, 42 N. E. 562; *Com. v. Tay*, 15 N. E. 503.

BROWN, J.—This prosecution was commenced before the recorder's court of the city of Tuscaloosa March 27, 1914, for a violation of an ordinance of that city prohibiting keeping or having in possession for sale spirituous, vinous, or malt liquors. The appellant was convicted on

the trial in the recorder's court, and appealed to the county court, where he was again convicted, and from that judgment of conviction he prosecutes this appeal.

The evidence was undisputed that the appellant's house was searched by the police authorities of the city on March 24, 1914, under a search warrant, and that the officers found 21 half pints of "Paul Jones Whisky" concealed in a davenport; that only a few days before the search one Crider, who was examined as a witness for appellee, bought from the appellant 2 half pints of whiskey at appellant's house, and paid him $1 therefor. The appellee also offered in evidence the book of ordinances of the city of Tuscaloosa, containing the ordinance under which the prosecution was commenced, which showed on its face that it was adopted on September 16, 1909, approved by the mayor on September 17, 1909, and published in the Times-Gazette, a newspaper published in the city of Tuscaloosa, on September 18, 1909, covering the offense of which appellant was convicted.

The appellant, on the authority of *Excelsior Steam Laundry Co. v. Lomax,* 166 Ala. 612, 52 South. 347, and *Adler v. Martin,* 179 Ala. 97, 59 South. 597, insists that the court should have given the affirmative charge requested by him in writing, because it was not shown that the ordinance was in force at the time of the alleged offense.

There was no dispute that the ordinance book offered in evidence was the regular ordinance book of the city of Tuscaloosa. In fact, this was admitted by the appellant, and the ordinance, as stated above, showed on its face that it was passed, approved and published prior to the time of the offense, and under the statute it took effect "from and after its publication."—Code, § 1258. "When things are once proved to have existed in a particular state, they are presumed to have continued in

that state until the contrary is established by evidence, either direct or presumptive."—Jones on Evidence, § 58; 22 Am. & Eng. Ency. Law (2d Ed.) 1242; *Michael v. State,* 163 Ala. 425, 50 South. 929; Code, § 1259.

This proof distinguishes this case from the authorities cited and relied on by appellant.

The evidence showing that liquors in unusual quantities, considering the kind and nature of the packages, were found concealed in appellant's house in a davenport, an unusual place of concealment, in connection with the evidence that he had made a sale at his house a short time previous to the commencement of the prosecution, justified the submission of the case to the jury.— *Allison v. State,* 1 Ala. App. 207, 55 South. 453; *Speigner v. State,* 11 Ala. App. 296, 66 South. 896; *Gustin v. State,* 10 Ala. App. 171, 65 South. 302.

It is insisted that the ordinance is void because it does not contain an ordaining clause in the form prescribed by section 1252 of the Code. If this section of the Code is not merely directory in so far as it prescribes a form for the ordaining clause, as it appears to us to be (*St. Louis v. Foster,* 52 Mo. 513; *People v. Murray,* 57 Mich. 396, 24 N. W. 118, 2 Dillon on Municipal Corporations [5th Ed.] 575; 28 Cyc. 352; 36 Cyc. 1157), under the provisions of section 1259 of the Code, the book of ordinances, purporting to have been published by authority of the city, and admitted to be such, was prima facie proof of the validity of the ordinance, and the burden was on the defendant to rebut the presumption afforded by the statute, and no such proof was offered. There was therefore no error in refusing the affirmative charge.

On a charge of keeping prohibited liquors contrary to law or ordinance of a city, evidence of a sale previous to the commencement of the prosecution, in connection

with other evidence tending to show the keeping in unusual quantities, is admissible as testimony to show the purpose for which the liquors are kept, and to rebut and overcome any presumption that they were kept for private use.—Authorities supra.

There is no error in the record, and the judgment of the county court is affirmed.

Affirmed.

