# Lane *v.* City of Tuscaloosa.

## *Violating Municipal Ordinance.*

(Decided January 12, 1915. 67 South. 779.)

*Municipal Ordinances; Violation; Evidence.*—The evidence examined and held sufficient to justify a finding that the defendant was guilty of violating the ordinance prohibiting the keeping or selling of intoxicating liquors. (The other matters presented having been decided adversely to the appellant in the case of Charlie Lane v. The State, Infra.)

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Will Lane was convicted of violating an ordinance of the city of Tuscaloosa, prohibiting the keeping or selling of intoxicating liquors. On his appeal to the county court he was again convicted, and brings the case here. Affirmed.

WRIGHT & FITE, for appellant. The same contentions are made, and the same authority cited as in the case of *Charlie Lane v. The City of Tuscaloosa, infra.*

BROWN & WARD, for appellee. The same contentions are made, and the same authorities cited as in the case of *Charlie Lane v. The City of Tuscaloosa, infra.*

PELHAM, P. J.—The appellant's contention that the ordinance of the city of Tuscaloosa offered in evidence, and for a violation of which the defendant was convicted, was not a valid ordinance in force at the time of the commission of the alleged offense, is disposed of by what was said in the case of *Charlie Lane v. City of Tuscaloosa, infra,* 67 South. 778.

There was no conflict in the evidence. It showed that when a search was made of the defendant's premises, which were occupied by him as a home, he denied having prohibited beverages of any kind in the house. This denial was made to the searching officers, who, upon searching various parts of the house, finally discovered a nicely constructed and neatly fitted trapdoor in one of the rooms, covered with a matting. The trapdoor was immediately in front of a fireplace, concealed by a rug six feet long by three feet wide, completely covering it from view. In the opening under the trapdoor and the space between the floor of the room on the second story, into which the trapdor was fitted, and the ceiling of the room beneath on the first floor, the officers discovered 33 half pints of whisky, each half pint being in a separate package. Four other half pints of whisky were found at another place in the house. The defendant was present when the officers discovered the whisky, and they asked him whose whisky it was, but the defendant made no reply to the inquiry. This evidence, showing such a quantity of whisky adroitly concealed in an unusual place for keeping beverages for private use in dispensing hospitality or for home consumption, taken in connection with the fact that the packages were in convenient sizes for ready delivery upon effecting a sale, and the further fact of the defendant's denial that he had prohibited liquor of any kind in the house, in the absence of any explanation, was sufficient to justify an inference

that they were kept for an unlawful purpose, and overcome any presumption to the contrary, and we cannot say that the evidence in this case afforded no basis for a finding of guilt by the trial judge, sitting as judge and jury, as is the contention of appellant's counsel in brief. —See *Gustin v. State,* 10 Ala. App. 171, 177, 65 South. 302; *Lee v. State,* 10 Ala. App. 191, 64 South. 637.

Affirmed.

### *Violating Municipal Ordinance.*

