# *Ex Parte* Washington.

*Violating Municipal Ordinance.*

(Decided May 13, 1915.   68 South. 686.)

1. *Habeas Corpus; Relief; De Facto Judge.*—Where an ordinance gave any commissioner of the city authority to appoint a city recorder temporarily, the person appointed to so act temporarily as such city recorder is a de facto officer, even if the power to make such appointment could not be delegated to one commissioner, and a judgment of conviction of a violation of an ordinance rendered by such a person is not void, and hence, not subject to attack by habeas corpus.

2. *Same; Review; Grounds Not Stated.*—The validity of a city ordinance cannot be questioned on an appeal from an order denying a writ of habeas corpus, where the petition for habeas corpus of one violating a city ordinance, to be discharge, specified as the only ground for the discharge, the want of authority of the recorder who imposed the sentence.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Mandy Washington was convicted for violating an ordinance of the city of Tuscaloosa, the trial being had before one Traweek, temporarily appointed recorder of the .city, and she brings habeas corpus alleging want of authority in said Traweek to render the judgment of conviction and impose the sentence. From an order declining to discharge her, she appeals. Affirmed.

WRIGHT & FITE, for appellant.

BROWN & WARD, for appellee.

THOMAS, J.—(1) The appeal is from an order of the judge of the Tuscaloosa county court declining to discharge the petitioner, appellant, on habeas corpus. Her alleged right to a discharge was predicated in the petition upon the. ground that the judgment of conviction under which she was restrained of her liberty was null and void, in that P. B. Traweek, who rendered the judgment, while acting as recorder of the city of Tuscaloosa in a case wherein he was trying the petitioner for the violation of a municipal ordinance, "was," in the language of the petition, "wholly without power or authority to act as recorder, * * * but was a usurper and intruder, whose act was not a judicial act authorizing the petitioner's imprisonment."

From the agreed statement of facts, upon which the habeas corpus petition was tried, it appears that said Traweek was exercising the duties of recorder under a temporary appointment from the president of the board of commissioners of the city of Tuscaloosa, who in making the appointment was acting under the power and authority of the· following ordinance: "Be it ordained

by the board of commissioners of the city of Tuscaloosa,
Alabama, as follows:

"Section 1. That the position of recorder be and the
same is hereby established for the city of Tuscaloosa and
the police jurisdiction thereof.

"[Then follow section 2 and 3, which are immaterial
here.]

"Sec. 4. That until a recorder is elected, or in the
event of any vacancy in such position of recorder, or
in the absence of a recorder, any commissioner of said
city be and he is hereby authorized to appoint tempor-
.arily as recorder for said city any one that he deems
fit and proper for the position of recorder, said appoint-
ment to be effective for no longer than one week; and
such recorder so appointed shall have and exercise all
the power and authority granted to recorders of munic-
ipalities."

Such power and authority is fully set forth and de-
fined in sections 1213, 1215, 1216, 1221, 1223, and 1224
of the Political Code of Alabama.

The petitioner—though, if she had, that fact would
not, as seen from the authorities hereinafter cited, have
changed the result—raised no objection, as the agreed
statement of facts recites, in the municipal court to
the power and authority of said Traweek, who was so
acting as recorder under such appointment, and hold-
ing court at the usual time and place for holding the
recorder's court in said city, to try her case; but from
his judgment of conviction therein she appealed to the
circuit court, and later, before the trial of the appeal,
she dismissed it upon the assumption that the judg-
ment appealed from was void and would not support
an appeal, and sued out the present writ of hab-
eas corpus, setting up for the first time the lack

of power and authority in said Traweek to exercise the jurisdiction of a recorder.

She now insists that his appointment as recorder was a nullity, because, as she asserts, the said ordinance of the city commissioners, investing one commissioner with the authority to appoint a temporary recorder, was void, in that it undertook to delegate to one commissioner the authority to exercise a power—the appointment of an officer—which, it is urged, could not be delegated, and which, if it could be exercised at all, could be exercised only by the commissioners sitting as a board or body.

However this be, upon which we need express no opinion, it can avail the appellant nothing. Traweek was certainly not a usurper (23 Am. & Eng. Ency. Law [2d Ed.] 327, C), but was a de facto recorder, holding the court and exercising the duties, functions, and jurisdiction of such office under color of right, at a time and place when and where such court could be legally held, and his judgment of conviction rendered against appellant was therefore not void, although his appointment might have been.—*Ex parte Lane,* 12 Ala. App. 232, 67 South. 727; *Ex parte State ex rel., etc.,* 142 Ala. 87, 38 South. 835, 110 Am. St. Rep. 20; *Sellers v. Smith,* 143 Ala. 566, 39 South. 356; *Walker v. State,* 142 Ala. 7, 39 South. 42; *Roberts v. State,* 126 Ala. 74, 28 South. 741, 30 South. 554; 8 Am. & Eng. Ency. Law (2d Ed.) 781 et seq.; Id. 715 et seq.; *Davis v. State,* 153 Ala. 73, 45 South. 154; *Cofer v. State,* 168 Ala. 172, 52 South. 934.

(2) The petitioner's counsel also contend in brief that, even conceding that petitioner was not entitled to a discharge on the ground that we have discussed, yet that she was entitled to a discharge because of the invalidity of the ordinance, which declared and defined

the offense of which she was convicted, selling intoxicating liquors; it being urged that said ordinance is void because it does not contain the enacting clause as prescribed by charter.—Political Code of Alabama, § 1252.

If the ordinance was void, there are authorities which hold that petitioner could get the benefits of its invalidity, even on habeas corpus (15 Am. & Eng. Ency. Law [2d Ed.] 169—7; *Ex parte Cowert,* 92 Ala. 94, 9 South. 225; *Ex parte Sikes,* 102 Ala. 173, 15 South. 522, 24 L. R. A. 774), provided her petition was so framed as to raise that point, though we have held, following later rulings of our Supreme Court, that its invalidity could not be raised by habeas corpus (*Ex parte Lane,* 12 Ala. App. 232, 67 South. 727). Whether it could, or whether it could not, the petition is not so framed as to present the point, as the allegations of the petition are such that petitioner is by them confined on this appeal to the one ground, which we have first considered, since that ground, and none other, is specified in the petition as the reason for alleging that the judgment under which petitioner was held was void. We are not at liberty to consider a question that was not raised below.

Besides, what we have said in the cases of *Lane v. City of Tuscaloosa,* 12 Ala. App. 599, 67 South. 778, and *Lane v. City of Tuscaloosa,* 12 Ala. App. 604, 67 South. 779, indicates that we are of opinion that the ordinjance is not void on the ground urged. It follows that the order and judgment of the lower court, refusing to discharge petitioner, must be and is affirmed.

Affirmed.