# Glenn v. City of Prattville.

### Violating Municipal Ordinance.

(Decided January 11, 1916. 71 South. 75.)

1. **Appeal and Error; Record; Matter Presented.**—Where the demurrer was not itself in the record, but appeared only from the bill of exceptions, the question as to whether or not the complaint was subject to demurrer is not presented for review, although the judgment shows that the demurrer to the complaint was overruled.

2. **Evidence; Judicial Notice; Ordinances.**—The courts take judicial notice of public statutes conferring authority upon municipalities to pass ordinances, but they do not take judicial notice of the ordinances or proceedings of the municipality in the exercise of that power.

3. **Municipal Corporations; Ordinances; Violation; Demurrer.**—Where the complaint averred the existence and violation of a municipal ordinance, a demurrer thereto, being a confession of the averment, cannot set up matters de hors the record as to the irregularity of the proceeding in adopting the ordinance, such averments rendering the demurrer a speaking demurrer.

4. **Same; Public Acts; Objections.**—Where irregularities are claimed in the adoption of an ordinance, it is incumbent upon the one so asserting to offer the proceedings in evidence and make them a part of the record, by bill of exceptions, since § 1259, Code 1907, provides that ordinances of city councils published in book form shall be received as evidence of the passage and legal publication of such ordinances in all courts without further proof, when such book of ordinances is offered.

5. **Same; Validity.**—The provisions of § 1252, Code 1907, requiring the words "council of" to appear in the caption of the ordinance is directory merely, and the omission of such words from the caption of an ordinance does not render the ordinance void.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

John Glenn was convicted of violating an ordinance of the city of Prattville, prohibiting the sale of liquors, and, on appeal to the circuit court, was again convicted, and he appeals. Affirmed.

[Glenn v. City of Prattville.]

See, also, 12 Ala. App. 609, 67 South. 622.

The complaint charged the violation of the ordinance of the city of Prattville by the said John Glenn in that within said city, and within 12 months before this prosecution was commenced, said John Glenn did sell, keep for sale, or otherwise unlawfully dispose of prohibited liquors or beverages, contrary to law, and in violation of an ordinance of the city of Prattville.  The demurrers appear only in the bill of exceptions, and raise the issue that the city of Prattville had no valid law upon its statute books for the violation of which defendant is charged, and because the ordinance is illegal and void, because of certain irregularities in its passage, which the demurrers point out.  The objections to the introduction of the ordinance were:  That it was not the act of the city council of Prattville in that it shows on its face that it is an ordinance of the city of Prattville, and because it appears to have been adopted and introduced at the same meeting, and unanimous consent is not shown for its immediate consideration, and otherwise objections of like character.

GUY RICE, for appellant.  EUGENE BALLARD, for appellee.

BROWN, J.— (1) While the judgment of the court shows that a demurrer to the complaint was overruled, the demurrer itself is not set out in the record proper, and appears only in the bill of exceptions.  Under repeated rulings, the questions sought to be raised. by the demurrer are not presented for review.— *Beck v. West & Co.*, 91 Ala. 314, 9 South. 199; *Brooks v. Rogers*, 101 Ala. 111, 13 South. 386; *Heard v. Hicks, et al.*, 101 Ala. 13 South. 256.

(2) Courts take judicial notice of public statutes conferring authority upon municipalities in this state to adopt by-laws and ordinances, but do not take judicial notice of such ordinances or the proceedings of the municipal board in the exercise of such power.—*North Birmingham Street Ry. Co. v. Calderwood*, 89 Ala. 247, 7 South. 360, 18 Am. St. Rep. 105; *Barnes v. Common Council of Alexander City*, 89 Ala. 602, 7 South. 437.

(3) Therefore, when, as in this case,.the complaint avers the existence and violation of an ordinance, a demurrer thereto confesses the averments, and cannot set up matter de hors the record as to the irregularity of the proceedings of the municipal board to avoid the ordinance.  In such case the demurrer is a speaking

demurrer and should be overruled.—*Sanders v. Wallace, et al.,* 114 Ala. 263, 21 South. 947.

(4) The defendant's objection to the ordinance is likewise untenable. The statute provides that: "Ordinances and resolutions purporting to be published by authority of the council in book or pamphlet form, shall be received as evidence of the passage and legal publication of such ordinances as of the dates mentioned or provided for therein, in all courts and places, without further proof."—Code 1907, § 1259; *Lane v. City of Tuscaloosa,* 12 Ala. App. 599, 67 South. 778.

When the book of ordinances was offered, if the defendant desired to question the regularity of the proceedings of the municipal board in its passage, it was incumbent upon him to offer such proceedings in evidence, and, on appeal, make them a part of the record by bill of exceptions.—*Barnes v. Common Council of Alexander City,* 89 Ala. 602, 7 South. 437.

(5) The omission of the words "Council of" in the caption of the ordinance did not render it void, the provisions of section 1252 in prescribing such caption being merely directory.—*Lane v. City of Tuscaloosa, supra; Lane v. City of Tuscaloosa,* 12 Ala. App. 604, 67 South. 779; *Bell v. Town of Jonesboro,* 3 Ala. App. 652, 57 South. 138.

This disposes of all matters presented in the assignment of error and argument; and, as no error appears upon the record, the judgment of the circuit court is affirmed.

Affirmed.