# Stramler v. The State.

### Violating Prohibition Law.

(Decided March 23, 1917.   74 South. 727.)

1. **Jury; Qualifying.**—Where the prosecution was for conducting an unlawful drinking place, it was not error for the court of his own motion to ask the jury, in qualifying it "Are you, or any of you, opposed to convictions for selling liquor?   If so, stand up."

2. **Trial; Remarks of Court.**—Where the prosecution was for keeping an unlawful drinking place, and defendant was smiling and making signs and faces at the witnesses, it was not error for the court to admonish him to desist from looking at the witness and smiling.

3. **Intoxicating Liquors; Evidence.**—Where defendant was indicted for maintaining an unlawful drinking place, the prosecution was not limited to showing one sale, but it was competent to prove any act constituting the keeping of an unlawful drinking place.   (Acts 1909, p. 91.)

4. **Same.**—Under such an indictment it is competent to show the sale of liquor at defendant's residence by his daughter.

5. **Same.**—In such a prosecution it is competent to show that people had gone in direction of defendant's home sober, and had returned intoxicated.

6. **Same.**—In such a prosecution evidence tending to show that liquor had been sold continuously for a period beyond that within the statute of limitations, and up to the time of the indictment, was admissible.

7. **Same.**—In a prosecution for maintaining an unlawful drinking place, a sale or sales are ingredients, but not the statutory misdemeanor for which defendant is on trial.

8. **Same.**—Testimony of a witness that she gave a boy money, and sent him to buy liquor, and he soon returned with it, is competent in connection with the boy's testimony that he bought the liquor at the home of defendant.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. H. ALSTON.

Cap Stramler was convicted of conducting an unlawful drinking place, and he appeals.   Affirmed.

While the case was in preparation for trial and before any witnesses had been examined, the court of its own motion asked the jury this question:

"Are you, or any of you, opposed to a conviction for selling liquor?   If so, stand up."

The other facts sufficiently appear.

[Stramler v. The State.]

J. B. AIRD, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BROWN, P. J.— (1) On the principles declared in *Watson v. State, infra,* 39, 72 South. 569, and *O'Rear v. State,* 188 Ala. 75, 66 South. 82, the action of the court in qualifying the jury for the trial of this case was free from error.

(2) During the cross-examination of the state's witness Edgar Riley, a small boy, the court said to the defendant in the presence of the jury, "Cap, you quit looking at this witness and smiling." The record recites, "The defendant at the time being smiling, making signs and faces at the witness." Under the circumstances here shown, the remark of the court was proper, and the defendant has no grounds to complain.

(3) The defendant was indicted for maintaining an unlawful drinking place, and the prosecution was not limited to showing one sale; but it was "competent to prove any act of the defendant which under the law of the state constitutes the keeping of an unalwful drinking place."—Acts Sp. Sess. 1909, p. 91, § 31½.

(4-7) The evidence against the defendant was purely circumstantial, and it was competent to show that liquor was sold at defendant's residence by defendant's daughter, and that people had gone in the direction of defendant's house sober and come away from there drunk; and evidence tending to show that this condition of affairs had existed continuously for a period beyond the period within the statute of limitations and up to the time of the indictment or within the period covered by the indictment was admissible.—*Allison v. State,* 1 Ala. App. 206, 55 South. 453; *Lane v. City of Tuscaloosa,* 12 Ala. App. 599, 67 South. 778. A sale or sales are ingredients, but not the statutory misdemeanor for which the defendant was tried.—*Snider v. State,* 59 Ala. 64.

(8) The testimony of Mrs. Holcombe that she gave the boy money and sent him to buy the liquor, and that soon thereafter he returned with the liquor, was competent in connection with the boy's testimony that he bought the liquor at defendant's house.—*Spigener v. State,* 11 Ala. App. 296, 66 South. 896.

This disposes of all the questions discussed in able brief of counsel for appellant, and we find nothing further requiring discussion.

Affirmed.