(81 South. 352)

ALLEN v. TOWN OF THOMASTON.
(2 Div. 185.)

(Court of Appeals of Alabama.   March 18, 1919.)

MUNICIPAL CORPORATIONS &⭐639(2)—VIOLATION OF ORDINANCE—SUFFICIENCY OF AFFIDAVIT—FAILURE TO SET OUT PROVISIONS OR SUBSTANCE.

Original affidavit filed in mayor's court on which defendant was convicted in circuit court of violating ordinance of town, which read that affiant deposed and said he had probable cause for believing offense of public drunkenness had been committed, and that defendant was guilty "contrary to the ordinances, rules, or regulations of said town," *held* insufficient in failing to set out provisions or substance of ordinance alleged to have been violated.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Warner Allen was convicted of violating an ordinance of the Town of Thomaston, and appealed to the circuit court, where he was again convicted, and he appeals to the Court of Appeals. Judgment reversed, and cause remanded.

So far as appears from the record, the trial was had in the circuit court on the original affidavit filed in the Mayor's court, which was as follows (omitting formal charging part):

Affiant deposes and says that he has probable cause for believing, and does believe, that the offense of public drunkenness has been committed within the corporate limits of the town of Thomaston, or the police jurisdiction thereof, on, to wit, the 17th day of February, 1917, and that Warner Allen is guilty thereof, contrary to the ordinances, rules, or regulations of said town of Thomaston then of full force and effect.

The demurrers raised the question that the said affidavit and complaint fail to set out the ordinance or substance thereof alleged to have been violated, and that it does not charge a violation of an ordinance.

S. W. Compton, of Linden, for appellant.
William Cunninghame, of Linden, for appellee.

BROWN, P. J.   On the authority of Miles v. City of Montgomery, 81 South. 351,[2] the judgment of the court on the demurrers to the complaint is erroneous, and must be reversed.

Chapter 32 of the Code of 1907, §§ 1046–1460, embraces the law respecting the power of municipal corporations, and their proceedings, and the rules of evidence respecting the proof of the proceedings and ordinances will be found stated in the following cases: Strickland v. Town of Samson, 16 Ala. App. 592, 80 South. 166; Glenn v. City of Prattville, 14 Ala. App. 621, 71 South. 75.

Reversed and remanded.

---

&⭐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 16 Ala. App. 389.        [2] Ante, p. 15.