(96 South. 140)

## HARRELL v. CITY OF DOTHAN.
### (4 Div. 54.)

(Supreme Court of Alabama. April 19, 1923.)

1. **Criminal law** &#x229E;304(12)—**Court does not take judicial notice of a city ordinance.**

A court does not take judicial knowledge of the existence of a city ordinance, but only facts generally known and which are not required to be pleaded.

2. **Intoxicating liquors** &#x229E;238(1)—**Conviction for violating city ordinance, not introduced in evidence, reversed.**

Where, in a prosecution for having possession of prohibited liquors as provided in a city ordinance, the prosecution failed to introduce in evidence that section of the ordinance defining the offense referred to in the section of the ordinance produced, the evidence was insufficient, and the requested affirmative charge should have been given.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

John T. Harrell was convicted of violating a city ordinance, and he appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Espy & Hill, of Dothan, for appellant.

The courts cannot and do not take judicial knowledge of city ordinances. Glenn v. City of Prattville, 14 Ala. App. 621, 71 South. 75; Sherrod v. State, 14 Ala. App. 57, 71 South. 76; North Birmingham Co. v. Calderwood, 89 Ala. 247, 7 South. 360, 18 Am. St. Rep. 105.

Reid & Doster, of Dothan, for appellee.

No brief reached the Reporter.

THOMAS, J. Appellant was tried and convicted before the mayor of Dothan for violating the prohibition law—that he "did have in his possession prohibited liquors, or beverages contrary to law, for his own use or for the use of others in the city of Dothan." From judgment of conviction, defendant appealed to the circuit court, was there convicted, fined, and the court imposed an additional sentence of hard labor for the city. From the last judgment of conviction, he appealed to the Court of Appeals.

[1, 2] The court does not take judicial knowledge of the existence of the city ordinance. North Birmingham, etc., Co. v. Calderwood, 89 Ala. 247, 255, 7 South. 360, 18 Am. St. Rep. 105; Barnes v. Common Council of Alexander City, 89 Ala. 602, 7 South.

437; Excelsior Steam Laundry Co. v. Lomax, 166 Ala. 612, 52 South. 347; L. & N. R. R. Co. v. Christian Moerlein Brewing Co., 150 Ala. 390, 43 South. 723; Case v. Mayor of Mobile, 30 Ala. 538; Furhman v. Mayor, etc., of Huntsville, 54 Ala. 263; Sherrod v. State, 14 Ala. App. 57, 71 South. 76; Glenn v. City of Prattville, 14 Ala. App. 621, 622, 71 South. 75. It is only facts generally known which are not required to be pleaded, and of which the courts take judicial knowledge. Moon v. Hines, 205 Ala. 355, 358, 87 South. 603, 13 A. L. R. 1020. The bill of exceptions recites the fact that it contains all the evidence offered at the trial, and, if there was no evidence before the jury that there was an ordinance of the city of Dothan in force at the time, covering the alleged offense for the violation of which defendant was charged, tried, and convicted, the affirmative charge requested by him at the trial should have been given. The subdivisions of the ordinance offered were:

"(3) Unlawful to Buy or Receive Prohibited Liquors.—It shall be unlawful to buy, receive, accept, or procure, within the corporate limits or within the police jurisdiction thereof, or to have in possession for himself or for another, or for the joint use of himself and another, or to transport or convey on his person or by any means whatsoever for himself or another, or for the joint benefit of himself and another, within the city of Dothan, or within the police jurisdiction thereof, any of the *prohibited liquors or beverages mentioned in section one* of this article except as hereinafter provided." (Italics supplied.)

"(15) Punishment.—That any person who violates any provision of this article shall be, guilty of a misdemeanor, when not otherwise expressed, and shall be punished by a fine of not less than five and nor (not) more than one hundred dollars and may also be sentenced to an additional term at hard labor on the streets of said city for not exceeding six months."

The evidence was not sufficient. Section 1 of the same article of the ordinance, if such there was, should have been introduced in evidence, as a definition of the "prohibited liquors or beverages" that were within the inhibition of the ordinance contained in subdivision 3, and providing for the punishment for the violation thereof, in subdivision 15.

The affirmative charge requested by defendant should have been given.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

&#x229E;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes