(106 So. 200)

### Ex parte CITY OF ALBANY.

### CITY OF ALBANY v. NIX.

(8 Div. 761.)

(Supreme Court of Alabama. June 18, 1925.)

1. **Municipal corporations ⚫══641—Affirmative charge required on exclusion from evidence of ordinances violated.**

Affirmative charge for defendant necessarily follows exclusion from evidence of city code sections, violation of which is charged.

2. **Municipal corporations ⚫══110—Publication of ordinances adopting code sufficient, without publication of original ordinances in extenso.**

Due publication of ordinances, adopting city code of ordinances as authorized by Code 1923, § 1995 (Gen. & Local Acts 1909, Sp. Sess. p. 197, § 2) gives specific notice of existence of system or body of municipal laws and ordinances sufficient to call for inquiry by any citizen desiring information as to his rule of conduct without publication of original ordinances in extenso, as required by section 1999 (Code 1907, § 1258, as amended by Acts 1915, p. 735, § 1).

3. **Municipal corporations ⚫══110—Ordinances incorporated in code held sufficiently published by publication of ordinance adopting code.**

Publication of ordinance adopting Albany City Code, as required by Code 1923, § 1995, carried with it subjects embraced therein, whether taken from former city ordinances or added by way of codification of state laws or revisions of ordinances not contrary to general laws of state, and hence included sections incorporating into City Code provisions of Gen. Acts 1915, pp. 1, 8, 554, and Gen. Acts 1919, p. 6, without other publication.

Sayre and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

Petition of the City of Albany for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of City of Albany v. E. C. Nix, 106 So. 199. Writ granted.

The city of Albany instituted prosecution against E. C. Nix for violation of a city ordinance. The trial court held that the ordinance in question was not validly enacted, and rendered judgment for the defendant. From this judgment the plaintiff, municipality, appealed to the Court of Appeals. The judgment of the trial court being there affirmed, this petition follows.

G. O. Chenault, of Albany, for petitioner.

The ordinance adopting the city code was published as required by law. There is no requirement that the code, adopted by ordinance, be published. The ordinance adopting the code is a reference ordinance, and may include other ordinances. Code 1923, § 1995; Sloss-Sheffield S. & I. Co. v. Smith, 175 Ala. 260, 57 So. 29.

Tennis Tidwell, of Albany, opposed.

The municipality has no power to adopt a code by a short and indefinite reference ordinance; the entire code and each section thereof must be made a part of the ordinance. Krelhaus v. City of Birmingham, 164 Ala. 623, 51 So. 297, 26 L. R. A. (N. S.) 492; McQuillan, Mun. Ord. 20. A reference statute cannot refer to and adopt anything but an existing statute. Sloss-Sheffield S. & I. Co. v. Smith, 175 Ala. 260, 57 So. 29; Assur. Co. v. Fire Dept., 117 Ala. 631, 23 So. 843, 42 L.

⚫══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. A. 468; Krelhaus v. Birmingham, supra. There is a difference between a code of laws and a compilation of statutes. Cent. of Ga. v. State, 104 Ga. 831, 31 S. E. 531, 42 L. R. A. 518; Black, Interp. Laws (2d Ed.) 590; 11 C. J. 944. It is requisite that all ordinances of a permanent nature be published. Code 1923, § 1999; Smith v. Eclectic, 18 Ala. App. 329, 92 So. 212; Birmingham v. Edwards, 18 Ala. App. 459, 93 So. 233; Montgomery v. Davis, 15 Ala. App. 606, 74 So. 730; Ex parte Davis, 200 Ala. 436, 76 So. 368; Ex parte Greene, 29 Ala. 52; Hooper v. Bankhead, 171 Ala. 626, 54 So. 552; Beason v. Shaw, 148 Ala. 544, 42 So. 611, 18 L. R. A. (N. S.) 566; Evers v. Matthews, 192 Ala. 181, 68 So. 182; 25 R. C. L. "Statutes," § 249; Hutto v. Walker, 185 Ala. 505, 64 So. 313, Ann. Cas. 1916B, 372.

THOMAS, J. Petition for certiorari to the Court of ·Appeals to test the validity of the enactment of sections 546 and 547 of the Code of the City of Albany.

The bill of exceptions set out in the petition to this court shows: The introduction in evidence of said sections of the city code. That they are contained in a bound volume, bearing on the front thereof the words "Ordinances, City of Albany, Alabama, 1924." That on the inside of the front cover of said book there is the certificate of the mayor of that municipality to the effect that the book "is an official publication of the existing laws, ordinances, and resolutions passed by the city council, the governing body of the city of Albany, and published as required by law, and that this publication in book form of such ordinances, laws, and resolutions of the city of Albany by authority and under the direction of the city council of Albany, Ala., to be and become effective as the laws and ordinances of said city as published herein on and after the 21st day of July, 1924," attested by the city clerk. That the volume bears the statement on its title page:

"Codification of Existing Ordinances, City of Albany, Alabama, 1924.

"Publication of Existing Ordinances of the City of Albany, Alabama, Published by Authority of the City Council of Albany, Alabama.

"Compiled by T. C. Almon, of the Firm of Almon & Almon, Attorneys, Albany, Alabama.

"Printed by Marshall-Bruce Co., Nashville, Tenn."

The adoption of the "Code Ordinance No. 431" is also in evidence, accompanied by the certificate of authentication by the mayor, the city clerk, and the city code commissioner.

The further facts are recited in the petition as shown by the bill of exceptions:

"The defendant then proved by T. C. Almon that he compiled the book purporting to be the city code or book of ordinances of the city of Albany, Ala. That neither sections 546 or 547 were taken from any existing ordinances of the said city in force at· the time he compiled said code. That said sections and each of them were taken or copied by .him from the state prohibition laws into said city code or book of ordinances. That defendant then proved by Henry Hartung that he was city clerk of the city of Albany, Ala:, when said city code or book of ordinances was compiled by T. C. Almon, and that he had been city clerk for many years prior thereto, and that he has been continuously since its compilation. That Ordinance No. 431, entitled 'Adoption of Code Ordinance No. 431,' and found on pages 7 and 8 of said book, and heretofore copied into this bill of exceptions, was passed or adopted by the city council of the city of Albany, Ala., and was published in full in the Albany-Decatur Daily, a newspaper published in the city of Albany, Ala., and of general circulation therein on the 21st day of July, 1924. That said newspaper had been published in said city continuously for several years prior to that date, and that during all of said time it was a newspaper of general circulation in said city. The defendant further proved by said Hartung that neither section 546 or 547 of the City Code introduced in evidence by the city had been adopted and published as ordinances of said city prior to the time they were incorporated into said code or book of ordinances, and that neither of said sections had ever been published in any paper published in the city of Albany, Ala., and of general circulation therein. That the only thing the city council did towards adopting said sections, or either of them, was by incorporating the same in said book of ordinances, and adopting said book of ordinances by adopting and publishing ordinance ˏNo. 431 heretofore copied into this bill of. exceptions, and that neither of said sections was thereafter published in the city of Albany."

[1] Thereupon the court, at the instance of defendant, excluded from evidence sections 546 and 547 of said City Code, and the city duly reserved exception to the ruling. At defendant's request, the court gave the general affirmative charge, and refused a like request on the part of the city. Having excluded these sections from evidence, the affirmative charge for defendant of necessity followed. Harrell v. City of Dothan, 209 Ala. 266, 96 So. 140.

[2] The decision must rest upon the construction of section 1995 of the Code of 1923, which is from the amendatory act of August 25, 1909 (Gen. and Local Acts, Sp. Sess. p. 197, § 2), which contains the following provisions as to the procedure for the enactment of ordinances by municipalities:

"Sec. 81. The style of the ordinance of city or town shall be 'Be it ordained by the city (or town) council of —— as follows:' inserting the name of such city or town, as the case may be, and no ordinance or resolution intended to be of permanent operation shall be adopted by the council at the same meeting at which it is introduced, unless unanimous consent of those present is given for the immediate consideration of such ordinance or resolution, such con-

sent to be shown by a vote taken by yeas and nays, and the names of the members voting to be entered upon the minutes, and no ordinance or resolution intended to be of permanent operation shall become a law unless on its final passage a majority of the members elected to said council in cities of over six thousand inhabitants, or the mayor and three aldermen or four aldermen in cities of less than six thousand inhabitants in towns, shall vote in its favor. * * * The council may provide, at any time it may deem proper for the revision and codification of its ordinances, or for the adoption of a code by ordinance."

This provides two methods of enactment: By separate ordinance, or by "revision and codification of its ordinances."

In this connection, it will be noted that section 1999 of the Code of 1923 (as amended September 23, 1915 [Acts, p. 735, § 1]) contains the provision for publication and recording of ordinances, and that it is declared that, "when the ordinance is published * * * it shall take effect. * * *" Gen. Acts 1911, p. 632; Code 1907, § 1258. It has been recognized and declared that there are exceptions to the rule of requirement of publication (Hooper v. Town of Albertville, 205 Ala. 621, 88 So. 868), as the resolution of the governing authority of a city for assessment and levy of municipal taxes required by section 1311 of the Code of 1907, and the reference ordinances.

Section 1995 of the Code of 1923 (section 1254, Code 1907) had the effect of introducing or declaring another exception to the general rule of publication in extenso of original ordinances as such given expression in section 1999 of the Code of 1923 (section 1258, Code 1907); that is to say, the proper construction of section 1995 of the Code of 1923 is that the governing legislative authority of a municipality may, at any time deemed proper, provide by ordinance for the codification of its ordinances, or by ordinance revise and codify the laws of the municipality, provided the ordinance for the revision and codification is duly published as provided by section 1995 of the Code. When this is done, the directory provisions of said section are complied with. The due publication of an ordinance adopting a city code of the city's ordinances—revision and codification thereof—gives the specific notice of the existence of a system or body of municipal laws and ordinances, which is sufficient to call for inquiry on the part of any citizen desiring to be informed of his rule of conduct in the premises. Woco Pep Co. v. City of Montgomery, post, p. 452, 105 So. 214.

The rules of evidence as to ordinances and city codes were considered in Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874, and A. G. S. R. Co. v. Grauer, 212 Ala. 197, 102 So. 125. The ordinance considered in City of Montgomery v. Davis, 15 Ala. App. 606, 74 So. 730 (Ex parte Davis, 200 Ala. 436, 76 So. 368), was what is known as a reference ordinance, and was held properly adopted. In that decision reference is made to Sloss-Sheffield S. & I. Co. v. Smith, 175 Ala. 260, 57 So. 29 (Giglio v. Barret, 207 Ala. 278, 92 So. 668; Fealy v. City of Birmingham, 15 Ala. App. 367, 73 So. 296; Cleveland v. State, 16 Ala. App. 336, 77 So. 930), and Krelhaus v. City of Birmingham, 164 Ala. 623, 51 So. 297, 26 L. R. A. (N. S.) 492, and the fact noted that the latter decision was explained or distinguished in the former. The effect of the decision in Ex parte Davis, supra, was to treat the Smith Case, supra, as having overruled the Krelhaus Case, supra. City of Birmingham v. Edwards, 18 Ala. App. 459, 93 So. 233.

[3] However, we are not driven to a reconsideration of the question or effect of reference ordinances, other than the extent of the notice required. Instead of a general reference to, and adoption of, certain provisions of the general laws of the state, the same are taken, copied, or incorporated into the Code of the City of Albany as its sections 546 and 547. Gen. Acts 1915, pp. 1, 8, 554; Gen. Acts 1919, p. 6. The ordinance adopting the city code was duly passed and published as required by section 1995 of the Code of 1923. The field of operation of the latter section was limited to "revision and codification," that the kindred ordinances might be collected, correlated, and harmonized with reference to the several subjects. The provision for publication was to give notice and to fix a date for the ordinances to become effective. The dual purpose is accomplished by the publication of the ordinance adopting the code.

This is the effect of section 1995 of the Code of 1923, though the provisions of sections 546 and 547 of the City Code of the City of Albany were not embraced in the publication of the ordinance of adoption. The code so adopted was not required to be published in extenso as a part of the ordinance of its adoption. The publication of the ordinance of adoption of the city code carried with it the subjects embraced therein, whether taken from former city ordinances, or added by way of codification of state laws, or by way of revisions of ordinances not contrary to the general laws of the state.

The writ is granted.

ANDERSON, C. J., and SOMERVILLE, MILLER, and BOULDIN, JJ., concur.

SAYRE and GARDNER, JJ., dissent.