(107 So. 786)

## HAMMONDS v. CITY OF TUSCALOOSA.
### (6 Div. 780.)

(Court of Appeals of Alabama. Feb. 9, 1926. Rehearing Denied March 16, 1926.)

1. **Criminal law ☞304(6)—Court of Appeals takes judicial knowledge that city of Tuscaloosa is city in Alabama having 6,000 or more inhabitants.**

Court of Appeals takes judicial knowledge that city of Tuscaloosa is city in Alabama having 6,000 or more inhabitants according to 1920 federal census.

2. **Criminal law ☞90(5)—City of Tuscaloosa and recorder thereof are not deprived of statutory police jurisdiction over adjoining territory by fact that another sovereignty has similar jurisdiction (Code 1923, §§ 1935, 1954).**

City of Tuscaloosa and recorder thereof are not deprived of police jurisdiction over adjoining territory within 3 miles of corporate limits, under Code 1923, §§ 1935, 1954, by fact that different sovereignty may have similar jurisdiction.

3. **Criminal law ☞161—Judgment may be pleaded in bar to action for same offense in another court of like jurisdiction.**

Judgment in one court of competent jurisdiction may be pleaded in bar to action for same or identical offense in another court of like jurisdiction.

4. **Indictment and information ☞86(1)—Special plea, denying jurisdiction of place of offense, held demurrable as alleging facts provable under plea of not guilty.**

Special plea to complaint for violating city ordinance, that court was without jurisdiction because offense occurred within police jurisdiction of another town, held subject to demurrer for alleging facts provable under plea of not guilty.

5. **Indictment and information ☞86(1).**

Complaint or indictment need not allege where offense was committed; that being matter of proof.

6. **Criminal law ☞97(½).**

Proof that offense was committed within jurisdiction of trial court is necessary.

7. **Criminal law ☞429(1)—Ordinance recorded in ordinance book by pasting newspaper copy therein held properly admitted, in trial for violating it, where commissioners' signatures and clerk's attestations and certificate of adoption and publication appeared at its foot.**

City ordinance as recorded in bound book, which city clerk and record custodian testified was regular ordinance book in which ordinances were recorded by pasting newspaper copies therein, was properly admitted in evidence, in trial for violation thereof, where indorsement of date of adoption, signatures of city commissioners, and clerk's attestations and certificate of adoption and publication appeared at foot of it.

8. **Criminal law ☞753(2).**

Affirmative charges requested by accused were properly refused, where there was conflict in evidence.

9. **Criminal law ☞1124(3)—Refusal of affirmative charges is not available error, where bill of exceptions does not recite that evidence therein was substantially all evidence introduced.**

Refusal of affirmative charges is not available error, where bill of exceptions does not recite that evidence therein was all or substantially all evidence introduced.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Prosecution by the City of Tuscaloosa against Lee Hammonds for violation of a city ordinance. From a judgment of conviction, defendant appeals. Affirmed.

It appears that the offense was committed within one-fourth to one-half mile of the corporate limits of the town of Northport and within three-fourths of a mile of the corporate limits of the city of Tuscaloosa.

Defendant's plea denies the jurisdiction of the court because, it is alleged, the offense occurred within the police jurisdiction of Northport and not within the police jurisdiction of Tuscaloosa. The demurrer to this plea takes the point that the facts alleged are provable under the general issue.

M. G. Kersh testified that he was clerk of the city of Tuscaloosa and custodian of the records of the city, including the ordinance book. As shown by the bill of exceptions:

"A bound book in which the ordinances of the city of Tuscaloosa were recorded by means of newspaper copies of the ordinances, being pasted in the book, was shown to said witness M. G. Kersh, and he testified that the book shown him was the regular ordinance book of the city of Tuscaloosa in which ordinances of the city were recorded by pasting the newspaper copies therein, as shown above. The said ordinance book had printed on the back of it, 'Ordinance Book—City of Tuscaloosa.'"

Thereupon, over objection of defendant, the book was introduced in evidence, and Ordinance No. 390 as recorded therein.

The ordinance appears in full in the bill of exceptions. At the foot of it appears the indorsement of the date of adoption, signatures of the city commissioners, and attestation of the clerk, and also a certificate by the clerk showing adoption and publication.

Charge 2, refused to defendant, is as follows:

"If the jury believe from the evidence that the offense charged occurred within 1½ miles of the city limits of Northport, you will find for the defendant, Lee Hammonds."

W. M. Adams, of Tuscaloosa, for appellant.

The city of Tuscaloosa has no jurisdiction. Code 1923, § 1954. It was error to admit in evidence the purported book of ordinances. Code 1923, § 7687.

S. H. Sprott and J. M. Ward, both of Tuscaloosa, for appellee.

Police jurisdiction of plaintiff covers all adjoining territory within three miles of the corporate limits. Code 1923, §§ 1935, 1954. A plea merely setting up matter available under the general issue is demurrable. 10 Michie's Ala. Dig. 1043; Taxicab Co. v. Grant, 57 So. 141, 3 Ala. App. 393; Sou. Ry. v. Slaton, 76 So. 478, 16 Ala. App. 194. It is not necessary to allege where the offense was committed. Code 1923, § 4536. Proper proof was made of the ordinance. Code 1923, §§ 1944, 1999, 2000, 7689; Cooper v. Valley Head, 212 Ala. 125, 101 So. 874; Strickland v. Samson, 80 So. 166, 16 Ala. App. 592; Lane v. Tuscaloosa, 67 So. 778, 12 Ala. App. 599; Glenn v. Prattville, 71 So. 75, 14 Ala. App. 621.

BRICKEN, P. J. [1] This court takes judicial knowledge of the fact that appellee, the city of Tuscaloosa, is a city within this state having 6,000 or more inhabitants. Federal Census 1920.

[2, 3] By express terms of the statute (Code 1923, § 1954), the police jurisdiction of said city extends to and covers all adjoining territory within 3 miles of the corporate limits thereof; and, by virtue of the statute (Code 1923, § 1935), the recorder of said city is especially vested with and may exercise, not only in the city limits, but also within the police jurisdiction thereof, full jurisdiction in criminal and quasi criminal matters, and may impose the penalties prescribed by ordinance for the violation of such ordinance, etc. The mere fact that another and different sovereignty may also have and exercise similar jurisdiction could not, and does not, deprive the appellee city of the jurisdiction, supra, conferred by statute. However, a judgment in one court of competent jurisdiction could be properly pleaded in bar to an action for the same or identical offense in another court of like jurisdiction. This disposes of the principal insistence of error on this appeal, although other questions are presented.

[4-6] The special plea interposed by defendant to the complaint was clearly subject to the demurrer. The alleged matters of defense contained in said plea were available to defendant under the plea of the general issue, or, as here, the plea "not guilty." It is not necessary to allege in a complaint, or indictment, where the offense was committed. This is a matter of proof, and upon the trial of a cause it must be proved that the offense complained of was committed within the jurisdiction of the court where the case is being tried.

This appellant was convicted for the violation of a certain ordinance of the city of Tuscaloosa; the specific charge being a violation of the prohibition laws.

[7] The objections to the introduction of the city ordinance in evidence were not well taken, and the exceptions reserved in this connection are without merit. Cooper v. Town of Valley Head, 101 So. 874, 212 Ala. 125; Strickland v. Samson, 80 So. 166, 16 Ala. App. 592; Lane v. City of Tuscaloosa, 67 So. 778, 12 Ala. App. 599; Glenn v. City of Prattville, 71 So. 75, 14 Ala. App. 621.

The exceptions reserved to the court's other rulings upon the testimony are so patently without merit we need not discuss them.

[8, 9] There was conflict in the evidence; therefore the affirmative charges requested by defendant were properly refused. Moreover, the bill of exceptions does not recite that the evidence therein contained was all, or substantially all, of the evidence introduced upon the trial of this case.

Charge 2 was properly refused.

The motion for new trial was overruled, and defendant excepted. The grounds upon which the motion for new trial was based, relate to matters pertaining to the main trial only. These questions have been hereinabove discussed and no reiteration is necessary. The motion was properly overruled.

Affirmed.

SAMFORD, J., concurs in the conclusion.