## JACKSON v. CITY OF PRICHARD.

### I Div. 16.

Court of Appeals of Alabama.
Nov. 3, 1931.

Outlaw, Kilborn & Seale, of Mobile, for appellant.

G. B. Dunning, of Mobile, for appellee.

SAMFORD, J.

The point raised by the record is that the ordinance under which the prosecution is begun is not valid, in that: (1) The ordinance on its passage failed to receive the vote of four aldermen; (2) the ordinance was not published as required by section 1999 of the Code of 1923.

So far as the first contention is concerned, we find in it no merit. The ordinance on its passage received the vote of the mayor and three aldermen. This vote meets the requirements of the Code 1923, § 1993.

The other question is not so simple. Section 1999, Code 1923, requires all ordinances or regulations of a general or permanent nature to be published in the manner therein specified.

The ordinance proposed for adoption by motion of Councilman Frasch on March 6, 1928, and "adopted" March 20, 1928, was "Document No. 33," being State Highway Code as adopted by the Legislature in its regular session in the year 1927 (Acts 1927, p. 348). The motion of March 6th, and the minutes reciting its adoption on March 20th, were pub-

lished, but there was no publication of Document No. 33, which was the ordinance sought to be adopted.

Under our decision, the "Highway Code" adopted by the state could be enacted as an ordinance of the municipality by reference, sufficiently describing it. City of Montgomery v. Davis, 15 Ala. App. 606, 74 So. 730. Every person to be affected by its adoption is conclusively presumed to know its contents, and notice of its adoption as a Code governing traffic in the city of Prichard is notice to all concerned of every provision applicable to Prichard. Sloss-Sheffield Steel & I. Co. v. Smith, 175 Ala. 260, 57 So. 29.

Objection is made that the ordinance is too informal to be an enactment of the city council, in that it begins: "Motion made by Councilman Frasch" and instead of: "Be it ordained," etc. The form of an ordinance, as prescribed by the Code, is directory, and if the ordinance, though not in form, contains the material statements necessary to a valid enactment, the ordinance will be upheld. Glenn v. City of Prattville, 14 Ala. App. 621, 71 So. 75.

The following appears of record with reference to the adoption of the ordinance:

"Ordinance No. 252

"Sec. 1. Motion made by Councilman Frasch, that State Highway Code, as adopted by the Legislature of the State of Alabama in Regular Session in the year 1927 at Montgomery, Alabama, and known as Document No. 33 be adopted by the City of Prichard and to become the law for the regulation of traffic in said City the same as if herein specifically enumerated. And all ordinances in conflict are hereby repealed.

"Sec. 2. Be it further ordained that this ordinance go into effect after publication as required by law. Introduced March 6th, 1928, continued for future consideration.

"Attest W. I. Davis, Clerk.

"Mayor."

"(From page 45, containing the minutes of the regular meeting of March 20th, 1928):

"On March 6th, 1928 an ordinance was introduced asking that the State Highway Code be adopted as the traffic code of the City of Prichard. Councilman Barnes moved that the ordinance be adopted as read, seconded by Councilman Frasch, and on aye and nay vote ordered by the Mayor. The following voted aye for the adoption of the ordinance:

"Mayor  T. M. Wilkins
"Councilman  N. M. Barnes
"Councilman  E. B. Frasch
"Councilman  I. E. Myles
 "Nays  none.

"The Mayor declared the ordinance adopted.

"Attest W. I. Davis, Clerk.

"T. M. Wilkins, Mayor."

The publication of this ordinance was sufficient to meet the requirements of the statute. Ex parte City of Albany, 213 Ala. 371, 106 So. 200.

We find no error in the record, and the judgment is affirmed.

Affirmed.