ST. JOSEPH & DENVER CITY RAILROAD COMPANY V. ELI A. GROVER.

1. RAILROAD COMPANIES; *Liability; Ch.* 93, *Laws of* 1870. Chapter 93 of the Laws of 1870 has changed the law in this state in reference to the liability of railroad companies for injuries done by their trains to cattle on the track.

2. ————— *Care; Negligence.* In an action for such injuries it is not error to instruct the jury that the company must exercise ordinary care, and is responsible for ordinary negligence.

3. INSTRUCTIONS; *Error without Prejudice.* Where two contradictory instructions are given, if the one least favorable to the plaintiff in error is correct, he cannot have been prejudiced by the other.

*Error from Brown District Court.*

GROVER sued the *Railroad Company* before a justice of the peace. His bill of particulars was as follows:

[*Title.*] "Eli A. Grover, plaintiff, complains of the St. Jos. & D. C. Railroad Company, defendant, for that said defendant on the 30th of July 1871 was the owner and occupier of a certain railroad leading from Elwood, Kansas, to Marysville, and of certain cars and locomotives running thereon; and the plaintiff further saith that he was the owner of a certain milch cow, of the value of fifty dollars, and that said cow, without the fault of the said plaintiff strayed in and upon the railroad of the said defendant, and the track and grounds occupied by said defendant, and said defendant, by its agents and servants, not regarding its duty in that respect, so carelessly and negligently run and managed said locomotives and cars, that the same ran over and against said cow of said plaintiff, and killed and destroyed the same, to the damage of plaintiff in the sum of $50. Wherefore," etc.

The case was removed to the district court by appeal, and was there tried at the August Term 1872. At the instance of *Grover* the court gave the following instructions:

"If the jury believe from the evidence that the defendant was running its trains of cars at an unusual rate of speed, and without the usual or necessary number of men to manage and control them with ordinary safety in regard to the killing of stock, they may consider this in determining whether or not defendant is guilty of negligence.

"If the jury believe from the evidence, that the defendant could, with the usual number of men to manage its said train, and with proper care and caution, have prevented said injury, but negligently and heedlessly run one over or against said cow, and killed her, then the defendant is responsible for such injury.

"The court instructs the jury that if they believe, from the evidence, the defendant was running its said train of cars on Sunday at an unusual hour, at much greater speed than usual, and at such a rate of speed as to place the said train beyond the control of defendant's servants managing the same, and that no effort was made to save said cow, and that with usual effort on the part of defendant's said servants, the said cow would have been saved, this is proper evidence for you to consider in determining whether or not the defendant was guilty of negligence.

"If the jury believe from the evidence that the plaintiff was guilty of negligence in permitting his cow to run at large where she might stray upon defendant's said railroad track, yet, if they believe from the evidence the defendant was guilty of a much greater degree of negligence in running over her than was the plaintiff in permitting her to run at large, then the plaintiff may recover."

And at the instance of the *Railroad Company* the court gave to the jury the following instructions:

"If the plaintiff's cow was upon the defendant's right of way without the permission of defendants, she was not there rightfully, and defendant was not bound to exercise any special care or diligence to prevent accident to said cow. That plaintiff cannot recover in this action unless defendant, through its servants, was guilty of gross negligence in running upon said cow.

"Defendant had the right to run its train upon its said road, at any time, and with any reasonable speed, and with such servants as it saw proper, and was only bound to make such reasonable efforts to save said cow as there was time to make, under all the circumstances, and if this was done, defendant is not liable.

"Defendant is not liable to plaintiff for any mere act of omission in this case not immediately connected with the injury complained of; and unless defendant's servants wantonly and willfully ran upon said cow and killed her, or so grossly neglected their duty in so running upon said cow that will-

fulness may be reasonably presumed, plaintiff cannot recover, and the jury will find for defendant.

"The court instructs the jury that unless the defendant's negligence was so gross as to amount to willful and malicious want of care in the killing of said cow, and she was upon the defendant's right of way, without permission of defendant, they will find for defendant."

The jury found for the plaintiff, and the *Railroad Company* brings the case here on error.

*Doniphan & Baldwin,* and *C. W. Johnson,* for plaintiff in error:

In the latter part of July, on a Sunday afternoon, the plaintiff in error was running a freight train on its road, and when near the station of Hamlin, in Brown county, on a descending grade and just after passing through a curve, a cow belonging to defendant in error suddenly jumped upon the track, was run over and killed. The locomotive and some eight or nine cars were thrown off the track and badly wrecked, and a fireman in the employ of plaintiff in error was killed. Defendant in error brought suit for the value of the cow, and recovered judgment. The principal errors complained of are in the admission of testimony, and in the instructions given for plaintiff below.

1. The objection to testimony was well taken, the plaintiff's bill of particulars not stating any cause of action against defendant. The petition does not aver the killing to have been willful or wanton, or to have resulted from any act of gross negligence on the part of defendant. This averment is necessary to constitute a liability. *U. P. Rly. Co. v. Rollins,* 5 Kas., 166; *Caulkins v. Mathews,* id., 191; *Maltby v. Diehl,* id., 430.

2. The question of the rule of liability recurs again on the instructions given for plaintiff. The first three assume that defendant was bound to exercise special care and diligence toward plaintiff's cow, in determining the number of servants to be employed and in regulating the speed of trains. (We again cite cases in 5 Kas., to show that such is not the law.) But the gist of the matter is reached where the jury

are told that the defendant owed some duty towards this cow on Sunday, a little more stringent on them then than their every-day duties. Possibly the court and counsel may have had in mind the case of *Comyns v. Boyer*, Cro. Elvin, 485, in regard to injuries on public highways received on Sunday; but the judge should have carried that rule to its logical conclusion, and left plaintiff and defendant in *pari delicto*. That these instructions are not the law. In addition to cases in 5 Kas., above cited, see *Bellefontaine & Iowa Rld. Co. v. Bailey*, 11 Ohio St., 333; *Central Ohio v. Lawrence*, 13 Ohio St., 66; *C. B. & Q. Rld. v. Kauffman*, 28 Ill., 513. The 4th instruction tells the eager jury that if they can find that defendant's negligence was greater than was plaintiff's in turning his cow out alongside of the track, they may find for plaintiff. Of course this jury could easily discover such excess, though there was nothing but remote inferences on which to found it.

But the court gave for defendant the instructions asked, and they state the exact converse of the rule laid down for plaintiff. We think ours right and the others wrong. But, as the charges were given, the whole legal question was left for the jury to decide, and there was such error as authorizes a reversal of the judgment.

*W. D. Webb*, for defendant in error:

1. The same particularity is not required in "bills of particulars" in justice courts, as in petitions in district courts; and the case in the district court, on appeal, is to be tried on the original papers in the justice court. (Laws of 1870, ch. 88, §7.) The bill of particulars was sufficient. It charged negligence on the plaintiff in error, which would admit proof of its *degree*. Ch. 93, Laws of 1870, page 197.

2. The question of care and negligence was fairly submitted to jury, to determine upon all the evidence, under the instructions given at instance of defendant in error. The instructions given at request of the railroad company were too favorable, and the company has no right to complain

because of any conflict between them and those first given.

The opinion of the court was delivered by

BREWER, J.: The action in the court below was for damages for the killing of a cow by a freight train on the railroad track of plaintiff in error. It is insisted here, as it was in the district court, that the bill of particulars is insufficient in not alleging that the killing was willful or wanton, or that it resulted from gross negligence. It does allege that the cow, without the fault of the plaintiff, strayed upon the track of defendant's road, and that defendant so carelessly and negligently managed its locomotives and cars as to run over and kill it. Objection is also made to the instructions given at the instance of the plaintiff, on the ground that they place ordinary care as the rule of defendant's duty, and ordinary negligence as the measure of its responsibility. We think them justly subject to this criticism, and that in this they differ from the instructions given at the instances of defendant which follow the decision of this court in the case of *U. P. Rly. Co. v. Rollins*, 5 Kas., 167. The question then is fairly presented, whether there has been any change in the law since that decision. For if not, there was error in the rule given at the instance of the plaintiff, and where two contradictory instructions are given a reversal will ordinarily have to be granted. In 1870 an act was passed, the first section of which reads:

"SEC. 1. That railroads in this state shall be liable for all damages done to person or property, when done in consequence of any neglect on the part of the railroad companies." —Laws 1870, page 197, ch. 93.

Many interesting questions will arise under this section. Did the legislature simply intend to give statutory force to the judicial determinations of the rules and limits of railroad liability? This hardly seems possible, or else they have chosen language most inapt. Evidently they proposed a change. By that change did they seek to wipe out the doctrine of contributory negligence, as a defense to a plaintiff's

action, and to make the companies liable in every case of negligence on their part, even though the plaintiff's negligence contributed equally or more to the injury? Did they intend to make the companies responsible in all cases for slight negligence? In other words, did they purpose that the measure of care should be the same toward a pig on the track, as toward a passenger on the train? It is unnecessary to pass upon those questions now. Ordinary negligence is all that was required by the charge of the court in this case, and ordinary negligence is within the letter and spirit of the law. "In consequence of any neglect," is the language. Surely, if the company fails to use ordinary care, and is guilty of ordinary negligence, if it fails to make usual and reasonable efforts to prevent the injury, there is some neglect on its part. Can it omit that degree of diligence which men in general exercise in respect to their own concerns, without being open to the charge of neglect? We think not; and therefore decide that under the law of 1870 it is not error in an action like this to instruct the jury that the company is liable if it fails to use ordinary care and diligence and is guilty of ordinary negligence. The instructions given at the instance of plaintiff do not appear to be harmonious with those given at the instance of defendant, but as those least favorable to the plaintiff in error are correct, it cannot have been prejudiced. Of course, the decision of this question clears up any doubt, if doubt there was, as to the sufficiency of the bill of particulars. The judgment will be affirmed.

All the Justices concurring.