145 So. 423

## TITUS v. BRAIDFOOT.

### 6 Div. 261.

Supreme Court of Alabama.

Jan. 12, 1933.

C. J. Griffith and David J. Davis, both of Birmingham, for appellant.

Locke & Creel and Frederick V. Wells, all of Birmingham, for appellee.

THOMAS, J.

This appeal challenges the action of the trial court in granting a new trial for the giving of written instructions indicated at the request of defendant. If there was error in giving any of said charges, the action of the trial court in granting the motion for a new trial and setting aside the verdict for defendant was free from error.

The court instructed in the oral charge and written charges that Bessemer road at the place of collision was a boulevard, and subject to the laws governing boulevards, and there was no exception by plaintiff to such instruction. We take judicial knowledge of the ordinance of the city of Birmingham (Acts 1915, p. 297, § 7; Southern Ry. Co. v. Cates, 211 Ala. 282, 284, 100 So. 356) and of section 5930 of the General Code of the city of Birmingham of 1930, declaring that such highway was a boulevard. When a city passes an ordinance, the presumption arises, without evidence to the contrary, that the municipality did what was necessary to make that ordinance valid. The burden is upon him who challenges the ordinance to show it is invalid. Section 1995, Code; Ex parte City of Albany, 213 Ala. 371, 106 So. 200; Birmingham Railway, Light & Power Co. v. Fuqua, 174 Ala. 631, 56 So. 578; Glenn v. City of Prattville, 14 Ala. App. 621, 71 So. 75; Lane v. City of Tuscaloosa, 12 Ala. App. 599, 67 So. 778. That is to say, when an ordinance designates a highway a boulevard and places a sign or warning of its character and effect thereon, the mere temporary removal or destruction of such sign at a given point does not change the character of such highway.

The witness Motlow referred to that way as Bessemer boulevard, saying, "When we reached Bessemer Boulevard, we pulled up and stopped and eased on across. * * * We were practically across the right driveway. * * * We stopped at this particular street * * * slowed up and stopped * * * then he started up again. * * * There was no stop sign there. I figured it was a boulevard."

The witness Britton said: "We were crossing Bessemer Boulevard, and we had gotten across the street * * * when the Titus car hit us. * * * The Titus car was going west along Bessemer Boulevard. * * *

He hit the left rear wheel of our car"; did not know whether the driver of the car in which witness was riding "stopped completely still or not * * * before he got to the boulevard."

The place of the accident was located on said boulevard by other witnesses, such as Mr. and Mrs. Straiton and Mrs. Lee.

Miss King testified she was in Braidfoot's car and did not "recall about us stopping when we got to Bessemer Boulevard, but we were not going very fast * * * don't remember whether we stopped. We were going slowly when we crossed that Bessemer Boulevard." Miss King did not remember "him stopping dead still, but do recall he slowed up" at this boulevard.

And Mrs. Chambers said she did not recall "whether Mr. Braidfoot stopped or not when he got to the intersection of Bessemer Boulevard, but he slowed * * * at the intersection * * * saw the car was going to hit him, and he stepped on the gas and shot across the boulevard. * * * was practically across * * * when the Titus car hit him."

The plaintiff testified that, when he came to Bessemer boulevard with his car, he "came to a practical standstill. * * * was crossing the driveway of Bessemer Boulevard at about twelve miles an hour," and was hit by the Titus car when his car was about two-thirds of the way across that side of the driveway.

This evidence illustrates there was no error in giving, at defendant's request in writing, charges 8, 9, 12, and 13. The trial court granted a new trial for the giving of said charges, and for this action of the court the judgment granting a new trial is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.