No. 33,958

DEAL JONES, *Appellee*, v. (W. CECIL McCULLOUGH and THE HALLIBURTON OIL WELL CEMENTING COMPANY, *Defendants*) W. CECIL McCULLOUGH, *Appellant*.

(83 P. 2d 669)

Opinion filed November 5, 1938.

*Paul J. Wall, Carl I. Winsor, John E. Boyer* and *George J. Hondros*, all of Wichita, for the appellant.

*Earle W. Evans, Joseph G. Carey, W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, A. M. Buzzi* and *Paul J. Donaldson*, all of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages resulting from a collision of automobiles at an intersection of streets in the city of Wichita. Judgment went for plaintiff and the defendant, W. Cecil McCullough, has appealed. The defendant, The Halliburton Oil Well Cementing Company, need not be considered on this appeal.

Defendant's principal contentions are: the court erred in overruling his demurrer to plaintiff's evidence, his motion for a directed verdict, in the instructions given, in refusing to give certain requested instructions and in overruling his motion for a new trial. The contentions will be treated in the order stated.

Relative to the demurrer, it is defendant's position plaintiff's evidence disclosed contributory negligence as a matter of law. In order to dispose of defendant's first contention it will be necessary to review only a portion of the evidence offered in plaintiff's behalf. On a demurrer the evidence must, of course, be viewed in the light most favorable to the party adducing it. (*Hill v. Southern Kansas Stage Lines Co.*, 143 Kan. 44, 53 P. 2d 923.)

In a review of the evidence, it is also well to bear in mind the rule frequently announced and clearly stated in *Robinson v. Short*, 148 Kan. 134, 79 P. 2d 903, as follows:

"In testing the sufficiency of evidence as against a demurrer, the court shall consider all of plaintiff's evidence as true, shall consider that favorable to plaintiff and disregard that unfavorable to plaintiff, and shall not weigh any part that is contradictory, nor weigh any differences between his direct and cross-examination, and, if so considered, there is any evidence which sustains the plaintiff's case the demurrer should be overruled." (Syl. ¶ 1.)

Where the facts are such that reasonable minds might reach different conclusions thereon, the question must be submitted to the jury and cannot be determined by the court as a matter of law. (*Hill v. Southern Kansas Stage Lines Co.*, supra.)

With these principles in mind we shall review the material portions of plaintiff's evidence, the substance of which was: Plaintiff was

traveling east on Kellogg street, a paved arterial highway. Defendant was proceeding south on Oliver street, a sanded road. Small stop signs were ordinarily in place on the north and south entrances from Oliver street into Kellogg street, and were located in the center of the intersecting lines. On this particular day the north sign was absent, but the south sign was in place. Under a police ordinance the failure of a traveler to stop at a sign rendered the driver subject to prosecution. Under the ordinance, in the event a sign was temporarily absent, the driver was relieved from prosecution. Under another ordinance, however, Kellogg street was expressly designated as a principal street, and as a right-of-way street, and drivers on it were given the right of way over traffic turning into or crossing it. That ordinance required a driver entering Kellogg street to bring his vehicle to a full stop immediately before reaching a point in the street even with the stop sign. Another ordinance expressly required the operator of a vehicle which approached an intersection to yield the right of way to a vehicle which had first entered the intersection. The same ordinance also provided that when two vehicles entered the intersection at the same time, the operator of the vehicle on the left should yield the right of way to the vehicle on the right. (The evidence construed most favorably to the plaintiff, placed his vehicle on the west line of the intersection of the streets or within the intersection prior to the time defendant's car had entered the intersection.) The speed limit on the two streets involved was twenty-five miles per hour, except at intersections where the speed was fixed at not to exceed eighteen miles per hour. When plaintiff was about twenty-five feet west of the west line of the intersection, he first saw defendant's car. The latter car was then about 150 to 200 feet north of the north line of Kellogg street. On cross-examination plaintiff testified variously to the effect that when defendant's car was fifty to seventy-five feet north of the north line of the intersection, that he (the plaintiff) was on the west line of the intersection and also that he was ten to twenty feet into the intersection, and also that he might have been ten to twenty feet in or out of the intersection. It was when defendant's car was fifty to seventy-five feet north of the north line of the intersection that plaintiff heard defendant set the brakes on his car. The next time plaintiff saw defendant's car, it was directly in front of him and in the southeast corner of the intersection. This was immediately before the collision. Plaintiff's car was then traveling about fifteen miles per hour, he

having set the brakes before the collision. At the point of collision plaintiff's car was· on the right or south side of the center line of Kellogg street. His car was about five or six feet east of the center line of Oliver street. Plaintiff's car was traveling about twenty-five miles per hour as he approached and when he was on the west line of the intersection. When plaintiff was twenty-five feet west of the intersection, at which point he first saw defendant's car, defendant was traveling fifty-five or sixty miles per hour.

Did the court err in overruling the demurrer to plaintiff's evidence? Defendant contends it did. He insists, first, that plaintiff was guilty of negligence per se when he entered the intersection at twenty-five miles per hour, which was in violation of the city ordinance. Negligence alone on the part of a plaintiff does not necessarily preclude recovery. In order to prevent recovery it must be negligence of such character and kind as contributed to the collision and was the proximate cause of the injuries sustained. (*Clark v. Southwestern Greyhound Lines,* 148 Kan. 155, 79 P. 2d 906, and cases therein cited.)

Defendant also insists plaintff should have slowed up or stopped in view of defendant's rapidly approaching car from the north and that his failure to do so constituted contributory negligence as a matter of law. At this point we might say that defendant's own evidence later completely disavowed such speed on his part. His evidence was that he entered the intersection from the north at less than eighteen miles per hour. Obviously, in the view of the evidence supplied by himself, he is not in a good position to now urge his demurrer to plaintiff's evidence should have been sustained by reason of his terrific speed. We shall, however, treat defendant's contention that plaintiff was guilty of contributory negligence as a matter of law by reason of the fact that he drove into the intersection with knowledge of the approaching car from the north and that he did so when defendant's car was traveling at a high rate of speed.

In *Keir v. Trager,* 134 Kan. 505, 7 P. 2d 49, the law of the road was stated thus:

"The law is well established that the operator of an automobile in a public highway may assume others using the highway will observe the law of the road, and he is not guilty of contributory negligence in acting upon such assumption unless and until he has knowledge to the contrary. (*Kersting v. Reese,* 123 Kan. 277, 255 Pac. 74; 1 Berry on Automobiles, 6th ed., p. 189, sec. 225.) The appellee was acting wholly within her rights in assuming that the

appellants would stop before entering the highway, and she cannot be charged with negligence in acting upon such assumption. She can only be charged with negligence under such circumstances from the time that she had knowledge that the appellants intended to disobey the stop sign and enter upon the highway. After she had such knowledge she was bound to use the care of an ordinarily prudent person." (p. 507.) (See, also, *Turner v. George Rushton Baking Co.,* 135 Kan. 484, 487, 11 P. 2d 746.)

Whether plaintiff's conduct, after he had knowledge of the approaching car, constituted such contributory negligence as was the proximate cause of the injury, was a question for the jury. In *Durst v. Wareham,* 132 Kan. 785, 297 Pac. 675, it was held:

"The question of whether a negligent act is the proximate cause of an injury and whether an ordinary, reasonable, prudent man would have foreseen that injury might occur as a result of a negligent act is a question of fact for the jury." (Syl. 4.) (See, also, *Hill v. Southern Kansas Stage Lines Co.,* supra.)

It must also be remembered that failure of the plaintiff to do one or more things he might have done to avoid the collision, did not necessarily make him guilty of contributory negligence, if there is evidence which will support a finding that the collision was nevertheless caused by the negligence of the defendant. (*Spohn v. Southern Kansas Stage Lines,* 142 Kan. 595, 50 P. 2d 1001.) In the instant case it is clear no collision would have occurred, notwithstanding the fact plaintiff had entered the intersection at twenty-five miles per hour instead of eighteen miles per hour, except for the negligent act of the defendant in driving his car through the southeast corner of the intersection instead of through the west side of Oliver street where it belonged.

Defendant cites cases in which a plaintiff was held to be guilty of contributory negligence as a matter of law by reason of having miscalculated the speed of an oncoming car and ran directly in front of it or into it. This is not a case in which plaintiff miscalculated the speed of a rapidly approaching car and drove directly into its path, or against it, and as a result thereof was injured at a point on the street or highway where defendant's car had a legal right to be.

The defendant insists he was not obliged to stop, because there was no stop sign on the north side of the intersection, and a police ordinance provided that no provision of the *stop-sign ordinance* should be enforceable against an alleged violator if, at the time and place of the alleged violation, the sign was not in a proper position and sufficiently legible to be seen by an ordinarily observant person.

Obviously, such a police ordinance, while it would be effective to relieve the violator from prosecution and fine, could not change the character or nature of streets and thoroughfares which were ex-pressly designated by another ordinance as constituting principal streets and rights of way. Nor could it vitiate still another ordinance which in no way related to the *stop-sign ordinance*, and which gave plaintiff the right of way where he first entered the intersection or where he and defendant entered it at the same time. In *Titus v. Braidfoot*, 226 Ala. 21, 145 So. 423 (1933), it was said:

"The court instructed in the oral charge and written charges that Bessemer road at the place of collision was a boulevard, and subject to the laws governing boulevards, and there was no exception by plaintiff to such instruction. . . . When a city passes an ordinance, the presumption arises, without evidence to the contrary, that the municipality did what was necessary to make that ordinance valid. . . . That is to say, when an ordinance designates a highway a boulevard and places a sign or warning of its character and effect thereon, the mere temporary removal or destruction of such sign at a given point does not change the character of such highway." (p. 22.)

In connection with the effect of the failure of public authorities to erect stop signs at arterial highways on which drivers have been given the right of way over vehicles entering it, see, also, *Rosenstrom v. North Bend Stage Line*, 154 Wash. 57, 280 Pac. 932.

Assuming, for the moment, defendant was required to pay no attention to the ordinance which gave the travel on Kellogg street the right of way or to the ordinance which gave plaintiff the right of way by reason of the fact he was first in the intersection, plaintiff still could not be said to have been guilty of contributory negligence as a matter of law on the ground he miscalculated the speed of defendant's car because plaintiff's car passed the entire west side of Oliver street in safety and was injured only by reason of defendant's car being on the east side of Oliver street where it had no right to be and where plaintiff had no reason to anticipate it would be. Plaintiff, even though defendant's car was coming from the north at an excessive speed, had the right to assume defendant would not drive his car on the wrong side of the road. (*Kersting v. Reese*, 123 Kan. 277, 279, 255 Pac. 74; *Keir v. Trager*, supra.)

The various facts and circumstances disclosed by the evidence, together with reasonable inferences which might properly be drawn therefrom, did not establish contributory negligence as a matter of law, and defendant's demurrer thereto was properly overruled. The motion for a directed verdict was substantially equivalent to a de-

murrer and it likewise was properly overruled. It could not be said, in view of how and where the collision occurred, that reasonable minds could reach only the conclusion that plaintiff's conduct was the proximate cause of the injury.

We turn next to the subject of instructions. We have examined the particular objections made to the instructions at the time of the trial. The objection to certain instructions was made on the ground they were inconsistent with other instructions. It is true some inconsistencies existed. The question on appeal, however, is not whether there were inconsistencies, but rather whether defendant is entitled to a reversal of the judgment by reason thereof. The trial court included in the instructions the ordinance which designated Kelogg street as a principal street and as a right-of-way street, which ordinance also required drivers to come to a full stop at a point even with the stop sign. The instructions also included the ordinance which gave a party to the right (the plaintiff), the right of way when he entered the intersection first and when both parties entered it at the same time. Then, upon the insistence of defendant and over the objection of the plaintiff, the court included also the police ordinance under which a violator was relieved from prosecution if at the given time and place the stop sign was not in place or was not legible. In view of what has been previously said herein, under the subject of the ruling on the demurrer, it follows the last-mentioned ordinance should not have been included in the instructions. Which of the ordinances was applicable was of course a question of law for the determination of the trial court. The inclusion of the objectionable ordinance favored the defendant. He was not entitled thereto. He is not entitled to a reversal now on the ground the instructions were too favorable to him. (*St. Jos. & D. C. Rld. Co. v. Grover,* 11 Kan. 302.) Moreover, a party will not be permitted to mislead a court into giving inconsistent instructions, regardless of how sincere he has been in the erroneous belief he was entitled to the requested instruction, and then obtain a reversal on the ground of the resulting inconsistency where such inconsistency could have resulted only in his benefit. Except for the inconsistencies mentioned, the instructions followed substantially the rule announced in the Keir case. They were sufficient, and no reversible error appears therein.

In view of what has heretofore been said we need not discuss the refusal of the trial court to give an instruction requested by de-

fendant, as the instructions already given, including an instruction requested by and exceedingly favorable to the defendant, fully covered the issues.

The various authorities cited by appellant, under his respective contentions, have received our studious attention. They are not in conflict with our former pronouncements, nor with the views herein expressed. Nothing further requires our attention under the order overruling the motion for a new trial. The judgment must be affirmed. It is so ordered.