GENEVIEVE HAMMON, APPELLANT AND CROSS-APPELLEE, V.
JAMES BRAZDA, APPELLEE AND CROSS-APPELLANT.
112 N. W. 2d 272

Filed December 15, 1961.   No. 34965.

*Stern, Harris & Feldman* and *Thomas J. Dredla, Jr.,* for appellant.

*John E. Dougherty*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an appeal in an action for damages arising out of a collision between two automobiles in a county road intersection. The jury returned a verdict for the defendant. Plaintiff, a passenger in a car operated by her husband, appeals.

The collision occurred about 4 p. m., on the 31st day of August 1958, at the intersection of two graveled highways 1 mile south and 1 mile east of Crete, Nebraska. Plaintiff, Genevieve Hammon, hereinafter referred to as plaintiff, was riding in the front seat of a Ford station wagon being operated by her husband in a northerly direction. Defendant and appellee, James Brazda, hereinafter referred to as defendant, was operating an Oldsmobile owned by one of the other occupants of the car, in a westerly direction. The weather was clear, visibility was good, and the roads were dry. Sometime between 11:30 a. m. of August 31, 1958, and the time of the collision, a stop sign on the east corner of the intersection protecting the road on which the defendant was driving, had been twisted off and was lying in a ditch nearby on the top of some weeds. The defendant was familiar with the road, knew it was protected by a stop sign, and had no reason to know that the sign was down. Plaintiff's husband had never driven on the road before and had no knowledge of the stop sign. The evidence is conclusive it was down and could not be seen as he approached the intersection. The intersection itself could best be described as a blind intersection. The evidence justifies the conclusion that because of trees and weeds it was not possible to see traffic approaching from either of the directions traveled by the two cars until the intersection itself was reached.

Plaintiff's husband testified he had observed a slow sign as he crested a hill approximately 200 or 300 yards south of the intersection. His vehicle was then traveling about 45 miles per hour. He applied his brakes and started gradually slowing down so that when he arrived at the south entrance of the intersection he was traveling 15 miles per hour and was slowing down "pretty fast." He further testified that he first saw defendant's car when the front of his own car was 6 feet into the intersection. Defendant's car was then approximately 100 feet east of the intersection and was traveling at a speed he estimated in excess of 50 miles per hour. This testimony on the part of the plaintiff's husband is the only evidence in the record which would permit a jury to find negligence on the part of the defendant.

The defendant's testimony and that of the occupants of the car he was operating was to the effect that they did not see the car in which the plaintiff was riding until after they were in the intersection; that their attention was attracted to it by the sliding of the gravel; and that the crash occurred immediately thereafter. The testimony of the sheriff of Saline county, who made an investigation within 20 or 30 minutes after the collision, tends to corroborate the story told by the defendant's witnesses. The sheriff testified he found 90 feet of skid marks behind the car driven by the plaintiff's husband, and 15 feet of skid marks behind the car operated by the defendant. The jury undoubtedly accepted this version in returning a verdict for the defendant.

The plaintiff alleges seven assignments of error. The first one is that the verdict and judgment are contrary to law. This objection obviously has no merit. The other six assignments of error involve instructions given by the trial court. We find no prejudicial error in assignments Nos. 6 and 7. The others we will discuss,

starting with the fifth assignment which covers instruction No. 20.

Instruction No. 20 given by the trial court is as follows: "If you find that a stop sign was erected on the south side of the highway running west and east, it then became the duty of those traveling towards said highway from the south to come to a full stop before entering or crossing such highway. The fact, if it be proven, that the stop sign was down or hidden from view and was not visible to those approaching said favored highway does not excuse the person so approaching the said favored highway from coming to a full stop at the intersection of the highways before entering said intersection and, if the operator of a motor vehicle fails to do so, he is guilty of negligence."

The evidence is undisputed that the driver of the plaintiff's car, who was approaching the favored highway, was not familiar with the road he was on and had no idea he was approaching a road ordinarily protected by a stop sign. This case differs from Bell v. Crook, 168 Neb. 685, 97 N. W. 2d 352, 74 A. L. R. 2d 223, where we held: "An arterial highway is not deprived of its character or status because stop signs on an intersecting road are temporarily displaced or otherwise made invisible." There the driver on the nonfavored road knew that a stop sign ordinarily protected the arterial highway and that the sign was down, and we held: "If a motorist knows of the through character of a highway, the presence or absence of warning signs is immaterial as respects his negligence in failing to yield the right-of-way."

There are some cases in other jurisdictions which hold the nonfavored driver guilty of negligence as a matter of law regardless of lack of knowledge. Titus v. Braidfoot, 226 Ala. 21, 145 So. 423, and Jones v. McCullough, 148 Kan. 561, 83 P. 2d 669, are two of them.

We believe, however, the better rule is the one represented by cases such as Schmit v. Jansen, 247 Wis.

648, 20 N. W. 2d 542, 162 A. L. R. 925; Chambers v. Donaldson, 122 Cal. App. 2d 452, 264 P. 2d 950; Mason v. Yellow Cab & Baggage Co., 153 Tex. 344, 269 S. W. 2d 329; and Lyle v. Fiorito, 187 Wash. 537, 60 P. 2d 709.

Without attempting to analyze the conflicting views, we hold that a motorist proceeding in the exercise of ordinary care cannot be held negligent in failing to stop at an intersection with an arterial highway with which he is not familiar, where the stop sign protecting the arterial has been broken off and he could not be expected to be aware of its presence. Instruction No. 20 was improper and prejudicially erroneous herein.

Reading the instructions as a whole, it is true, as plaintiff contends, they can be said to imply to the jury that the right of recovery of a guest in an automobile to whom no negligence can be imputed, is conditioned upon the right of recovery of the driver of her vehicle.

Instruction No. 16 is as follows: "The failure of the driver of an automobile upon approaching an intersection to look in the direction from which another automobile is approaching, where, by looking, he could see and avoid the collision that resulted, is more than slight negligence as a matter of law and defeats the right of recovery. The law not only requires such a driver to look for approaching vehicles but it is also required that he see any vehicle within that radius which denotes the limit of danger.

"*Applying the foregoing rule of law to the instant case* under your consideration, if you find from the evidence that either of the drivers of the automobiles failed to look in the direction from which traffic might approach as they neared the intersection of the two highways, or if they did look but failed to see any vehicle within that radius which denoted the limit of danger, *you are instructed that such driver would be guilty of negligence as a matter of law and cannot recover.*" (Italics supplied.) By this instruction, the jury was advised under what circumstances the driver of her

automobile could not recover, yet in this case neither driver was seeking to recover. The action was solely one on behalf of the plaintiff, a guest in her husband's automobile.

This instruction is not the only one where this type of reference is involved. Both instruction No. 10 and instruction No. 11 contain misleading inferences from which the instructions as a whole lend credence to plaintiff's position. Instruction No. 11 states in part: "If you find from the evidence that either of the operators of the two vehicles violated any of the laws of the State of Nebraska set forth in this instruction, the violation thereof is not in and of itself negligence as a matter of law, but the violation thereof is evidence which you should consider, together, with all the other evidence in the case, to determine *whether or not the parties or any of them* were guilty of negligence." (Italics supplied.)

Instruction No. 10 sets out in detail the reciprocal rights, duties, and obligations of the drivers of the two cars, and says in part: "* * * each had the right to the use of the road and intersection in the ordinary manner and in doing so it was the duty of each to take into consideration not alone his own rights, but the *rights of the other as well* and so each, in the exercise of ordinary care, conduct his vehicle, by complying with the lawful use of the road, so as to prevent injuring himself and *guard against injury to the other."* (Italics supplied.) The instruction standing alone is a proper instruction, yet read in conjunction with the other instructions and its failure to include anything to cover the duty of the defendant to avoid injuring the plaintiff, a passenger in the other driver's vehicle, does suggest the dependence of plaintiff's right to recover upon the absence of negligence on the part of her driver.

The defendant devotes much of his brief to the negligence of the driver of the plaintiff's car. As we view the evidence, there can be little question but that plain-

tiff's driver was negligent. Further, there is ample evidence from which a jury could find that his negligence was the sole proximate cause of the collision. Also, as we have suggested, the question of negligence on the part of the defendant is entirely dependent upon the sufficiency of the evidence of the plaintiff's driver. On this record, this evidence is sufficient to require its submission to a jury. It is for the jury to determine the credibility of the witnesses. We find that the defendant's motions for dismissal were properly overruled.

We do not agree with the defendant that the negligence of plaintiff's driver should be imputed to the plaintiff. It is true, as plaintiff contends, that she was, at the time of the collision, a guest in her husband's automobile, and consequently the negligence of her husband is not imputable to her. See Remmenga v. Selk, 150 Neb. 401, 34 N. W. 2d 757. There is nothing in the factual situation as developed in this record that would sustain the defendant's argument to the contrary.

Defendant in his cross-appeal suggests that the plaintiff knew of the dangerous condition of the blind intersection because her husband had made some observations on the subject of such intersections several miles from the one involved. He further suggests that plaintiff knew the rules of the road, that she could have observed the situation at this particular intersection, and that she permitted the car to be driven into the intersection without protest. We do not find anything in the evidence adduced in this record that is sufficient to impose an affirmative duty on the plaintiff to observe the road and to warn the driver of approaching dangers.

As we said in Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557: "Ordinarily a guest passenger in an automobile has the right to assume the driver thereof is a reasonably safe and careful driver and a duty to warn the driver does not arise until some fact or situation out of the usual and ordinary is presented."

For the purpose of this case as we view the evidence,

plaintiff was a guest passenger and nothing out of the usual and ordinary was presented to impose that duty on her. She is not chargeable with negligence in any particular.

It is the rule that where the negligence of the driver of an automobile in which a person is riding as a guest is the sole proximate cause of a collision in which the guest is injured, the guest cannot recover for such injury from a third person. Burhoop v. Brackhan, *supra*.

Where such injuries are the result of the negligent acts of the driver of the plaintiff's automobile and the driver of the other automobile involved in the collision, either or both tort-feasors may be held for the entire damages because the negligent acts of each are regarded in law as a cause of injury. Eden v. Klaas, 166 Neb. 354, 89 N. W. 2d 74.

As we have said before, the question of defendant's negligence was for the jury. Defendant's motions for dismissal were properly overruled, and the cross-appeal cannot be sustained.

For the reasons given, the judgment of the district court is reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED AND REMANDED.