Kleo DAILY, Plaintiff,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Defendant.

Civ. No. W-3834.

United States District Court
D. Kansas.

Oct. 15, 1968.

**912**

Martin, Porter, Pringle, Schell & Fair, Wichita, Kan., for plaintiff.

Lilleston, Spradling, Gott, Stallwitz & Hope, Wichita, Kan., for defendant.

## REVISED ORDER OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THEIS, District Judge.

This cause comes on before the Court at this time upon the motion of the defendant for summary judgment. The amended complaint on file herein alleges a cause for both ordinary and exemplary damages to the plaintiff, the undersheriff of Greenwood County, Kansas, who was burned on April 17, 1966, while engaged in fighting a prairie grass fire north of Sallyards, Greenwood County, Kansas, in the performance of his duties, which fire had been caused by sparks from one of defendant's locomotives as it passed along defendant's track and spread north therefrom to the place where plaintiff was fighting such fire and received his injuries, approximately one mile north of defendant's track.

Referring to the amended pre-trial order on file herein, plaintiff contends (1) that the provisions of K.S.A. 66–232 [1] and K.S.A. 66–233 [2] are applicable

---

1. K.S.A. 66–232. Action for damages by fire. That in all actions against any railway company organized or doing business in this state, for damages by fire caused by the operating of said railroad, it shall be only necessary for the plaintiff in said action to establish the fact that said fire complained of was caused by the operating of said railroad, and the amount of his

damages (which proof shall be prima facie evidence of negligence on the part of said railroad): *Provided,* That in estimating the damages under this act, the contributory negligence of the plaintiff shall be taken into consideration.

2. K.S.A. 66–233. Same, attorney's fee. In all actions commenced under this act, if

to this action, and (2) that said fire was started through the negligence and wanton conduct of defendant, and that such negligence and wanton conduct constituted the proximate cause of plaintiff's injuries.

The defendant contends: (1) that K.S.A. 66–232 and K.S.A. 66–233 have no application to this action; (2) that it was neither guilty of negligence nor wanton conduct; (3) that its act or acts in starting the fire which spread to the location where plaintiff received his injuries did not constitute the proximate cause of plaintiff's injuries; (4) that plaintiff's injuries were proximately caused by his own negligence; and (5) that when plaintiff received his injuries he was engaged in the performance of his duties as a public servant and by reason thereof he cannot recover, because (a) he assumed the risk of being injured while so engaged, (b) he was a licensee upon the premises where he was injured, and (c) recovery by him would be against public policy.

Under defendant's motion for summary judgment it seeks a judgment in favor of the defendant based upon a contention that the pleadings, depositions, answers to interrogatories, and the amended pre-trial order, show that there is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law. In the very able briefs filed by the parties, they seem to agree that the legal question involved is: As a matter of law, *is a railroad which negligently starts a fire liable to a public servant for injuries sustained by him while fighting such fire in the performance of his official duties?* The defendant argues, and submits authorities in its brief from other states, to the effect that firemen whose official duties are to fight fires, cannot recover from one who may negligently cause such a fire; this being justified on a mixture of legal reasons, including the assumption of risk by the firemen of the haz-

ards of their occupation, and public policy. A similar rule has been applied to police officers and others in the performance of their duties as law enforcement officers.

The evidence before this Court plainly indicates that this plaintiff was not a fireman but, as undersheriff, was acting under the direction of the county officials of Greenwood County to help protect life and property from the danger of fires, which are a continually existing hazard in the prairies of Kansas, especially in drouth years. It would appear that in Greenwood County volunteer groups had been formed to assist in the fighting of prairie fires, whatever their causation.

█ It seems to this Court, in the absence of any controlling decisions in Kansas upon the point, that this plaintiff cannot be said, as a matter of law and fact, to be a fireman, and as such exempt from enforcing a civil liability for injuries incurred through someone's negligence. Ordinarily the duties of a member of the sheriff's office are not to fight fires, and it was only the particular circumstances and the existence of a special hazard in Greenwood County which foisted this duty upon the plaintiff, a duty with which he was not familiar, as would be one who was trained as a fireman and made his living protecting the public from the consequences of fire damage.

█ Neither does the Court feel that the "assumption of risk" doctrine or defense is applicable in the case at bar. The rule seems to be well-settled in the State of Kansas that the assumption of risk is largely related to the relationship of master and servant, or employer and employee. Perry v. Schmitt, 184 Kan. 758, 339 P.2d 36; Uhlrig v. Shortt, 194 Kan. 68, 397 P.2d 321; and Hernandez v. Bachand, 199 Kan. 82, 427 P.2d 473. Even if it be said that an employer-employee relationship could be said to

the plaintiff shall recover, there shall be allowed him by the court a reasonable attorney's fee, which shall become a part of the judgment.

exist here by virtue of plaintiff's public employment, i. e., citizens as employer and undersheriff as employee, it cannot be said as a matter of law that a public employee assumes risks from duties not ordinarily and directly related to those usual in his public employment and which his experience and skills might encompass. Nor does the Court feel that the line of cases represented by Kleppe v. Prawl, 181 Kan. 590, 313 P.2d 227, 63 A.L.R.2d 175; Little v. Butner, 186 Kan. 75, 348 P.2d 1022; Shufelberger v. Worden, 189 Kan. 379, 369 P.2d 382; and Goldman v. Bennett, 189 Kan. 681, 371 P.2d 108, are authoritative in sustaining defendant's assumption-of-risk contention. As stated, there being no employer-employee relationship or contractual relationship, express or implied, between plaintiff and defendant, nor any benefit to the plaintiff from his firefighting duty, the defense of assumption of risk cannot arise. Shufelberger v. Worden, supra.

■ Neither is the defendant's contention that a license or licensee relationship existed between the plaintiff and defendant applicable under the existing state of facts. Plaintiff had entered upon the landowner's premises here for the purpose of preventing damage to his property and presumably at the landowner's implied invitation. The damage did not stem from any act of the landowner but from the act of the defendant in the operation of its railroad.

■ Finally, the defendant argues that to allow this plaintiff to recover would be against public policy. The public policy argument is usually applied to firemen injured in fighting fires, or law enforcement officers injured in their official duties in enforcing the law. The facts in this case fit neither situation as to this plaintiff. After oral argument before the Court, plaintiff supplied the Court with a photocopy of a late decision by the Supreme Court of Appeals of Virginia, in Chesapeake & Ohio Railway Company v. Crouch, decided March 4, 1968, cited at 208 Va. 602, 159 S.E.2d 650, wherein the deceased, working as a paid volunteer fireman fighting a forest fire started by the negligence of the railroad, was killed, and the Court held that he could not recover. This case is distinguishable in this Court's opinion in several particulars considered important by the Virginia Court. There, emphasis was laid on the fact that the deceased was a paid fireman experienced in fighting forest fires, who had assumed the risks of the employment. Also, while the State of Virginia had a statute relating to the liability upon railroad companies for damages caused by fires started by company engines or trains, the case had been submitted and tried upon common law principles of liability only, which encompassed the defense of assumption of risk. To reiterate, here the plaintiff, while a salaried public employee as a deputy sheriff, was not paid *to fight fires*, was not trained or skilled in fighting fires, and does rely on a statute imposing liability on a railroad company for negligently starting fires which result in injury to person or property. In this light, also, we would have to consider the plain language of the statute, K.S.A. 66–232, which, on the basis of its plain language provides liability for damage by fires started by railroad operation through negligence. If it be construed that this statute is applicable in a case such as this, the public policy defense urged here would dissipate, for the reason that the logical interpretation would be that the State of Kansas, through this statute, had expressed a public policy that railroad companies be prima facie liable for the consequences of their negligent acts without limitation to who or what suffered injury.

■ It is next contended that the statute referred to does not apply to injuries of this nature—that is, personal injuries to a person who might be fighting a fire caused by the negligence of the railroad. Without going into this matter exhaustively, it seems to this Court that the language is sufficiently broad to cover damages to one personally injured as a result of such a fire, as well as property

which might be damaged or destroyed. The defendant argues that it should not be liable because it could not anticipate any damage or injury to the plaintiff Daily from a fire set by the sparks from one of its engines. Under the ruling of Shideler v. Habiger, 172 Kan. 718, 243 P.2d 211, the Court holds in Syllabus 3 that:

"Natural and probable consequences are those which human foresight can anticipate because they happen so frequently they may be expected to recur."

The Court goes on to say, in Syllabus 4:

"While it is not a necessary element of negligence that one charged with negligence should have been able to anticipate the precise injury sustained, a person is not charged with all possible consequences of his negligent acts. He is not responsible for a consequence which is merely possible according to occasional experience, but only for those consequences which are probable according to ordinary and usual experience."

 It is well known from long historical experience in this state that our vast pastures and prairie lands are highly susceptible to the sparks from the engines of trains, and the dangers and damages resulting from grass fires are great and always expected and anticipated, most especially in dry or drouth years, which situation, it is factually conceded, was in existence at the time of this fire. The Court does not believe that a railroad can admit to negligently setting a fire and contend that it could not have anticipated damages or injuries occurring to one attempting to put out the blaze, be he landowner or public official who was not a fireman.

 There being no specific Kansas authority on a factual situation such as this, this Court must make its own judgment as to the applicable law. The Court feels that K.S.A. 66–232 must be construed as having been intended by the legislature to cover all damages to persons and property resulting from the negligent setting of fires by a railroad.

Viewing the whole record, the Court therefore feels that the defendant's motion for summary judgment must be, and it is hereby, overruled. Prevailing counsel are directed to prepare a journal entry in accordance with the views expressed in this order.