68 F.3d 378
 Josie BUTLER, as Administrator of the Estate of Frank
Butler, deceased; Josie A. Butler; Greg Butler;
Joseph Butler; Angela Small Butler;
Frankie Lynn Butler,
individually, Plaintiffs-Appellants,
v.
UNION PACIFIC RAILROAD COMPANY, a Utah Corporation,
Defendant-Appellee.
 No. 94-3153.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 4, 1995.
 
 William J. Pauzauskie, Topeka, Kansas, for Plaintiffs-Appellants.
 Douglas F. Martin of Porter, Fairchild, Wachter & Haney, Topeka, Kansas (Ronald W. Fairchild, of Porter, Fairchild, Wachter & Haney, Topeka, Kansas, with him on the brief), for Defendant-Appellee.
 Before EBEL, Circuit Judge, BRIGHT* and McWILLIAMS, Senior Circuit Judges.
 EBEL, Circuit Judge.
 
 
 1
 This case is before us on appeal from a decision of the United States District Court for the District of Kansas granting Defendant Union Pacific Railroad's (the "Railroad") motion to dismiss the Butlers' personal injury complaint pursuant to Fed.R.Civ.P. 12(b)(6). Federal jurisdiction is based on diversity of citizenship, and we must determine whether the Kansas Supreme Court would apply the common law "Fireman's Rule" to preclude recovery under Kan.Stat.Ann. Secs. 66-232 & 66-234.[1] Because we conclude that the Kansas Supreme Court would apply the "Fireman's Rule" in this case, we affirm the decision of the district court.
 
 I. BACKGROUND
 
 2
 Frank Butler was a fire fighter for Marshall County, Kansas. He died in the process of fighting a fire alongside the Railroad's tracks west of Marysville, Kansas, and his family brought this personal injury action against the Railroad pursuant to Kan.Stat.Ann. Secs. 66-232 & 66-234, providing for statutory liability of railroads for fire and negligence respectively. The Railroad filed a motion to dismiss based on the common law "Fireman's Rule" that a fire fighter cannot recover for injuries caused by the fire that initially required his or her presence as a fire fighter. The district court granted the Railroad's motion dismissing the Butlers' complaint, and the Butlers appealed.
 
 II. DISCUSSION
 
 3
 We review an order of dismissal pursuant to Fed.R.Civ.P. 12(b)(6) de novo. Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir.1994). In a diversity case, we review the district court's determination of state law de novo, basing our conclusion upon the result that we believe the state courts would reach. Allen v. Minnstar, Inc., 8 F.3d 1470, 1476 (10th Cir.1993) (citing Salve Regina College v. Russell, 499 U.S. 225, 231, 111 S.Ct. 1217, 1220, 113 L.Ed.2d 190 (1991)).
 
 
 4
 The single narrow issue before us is whether the common law "Fireman's Rule" applies to claims brought under Kan.Stat.Ann. Secs. 66-232 & 66-234. These statutes were adopted by the Kansas legislature in the late 1800's in an effort to hold the railroads accountable for damages caused by their operation. In 1870, the legislature passed section 66-234 relating to the standard of care required of railroads in negligence actions. Before the enactment of this statute, Kansas common law required proof of gross negligence in order to hold a railroad liable for damages. U.P.R.W. Co. v. Rollins, 5 Kan. 167, 186 (1869). With the enactment of section 66-234, the legislature changed the common law rule so that railroads were liable for any act of negligence. This change in the standard required in order to establish liability--from gross negligence to simple negligence--appears to have been the only change intended by the legislature. See St. Joseph & D.C.R. Co. v. Grover, 11 Kan. 302, 306-07 (1873).
 
 
 5
 In 1885, the legislature passed section 66-232 relating to the liability of railroads for damages by fire. The statute provides that a plaintiff may establish a cause of action against a railroad for damages arising out of a fire by simply establishing that the fire was caused by the operation of the railroad. Kan.Stat.Ann. Sec. 66-232. The statute goes on to state, parenthetically, that such proof of causation and damages shall be prima facie evidence of negligence on the part of the railroad. Id. Lastly, the statute provides that any contributory negligence of the plaintiff shall be considered in awarding damages. Id.
 
 
 6
 The statute's purpose was "to secure the utmost care on the part of railroad companies to prevent the escape of fire from their moving trains," and to serve somewhat as a police regulation to enforce such care on the part of the railroad companies. Atchison T. & S.F.R. Co. v. Matthews, 174 U.S. 96, 98-99, 19 S.Ct. 609, 610, 43 L.Ed. 909 (1899) (citing multiple Kansas Supreme Court cases). The need for the statute was based upon the peculiar danger of fire from the operation of railroad trains. Id. at 101, 19 S.Ct. at 611. The locomotives passing by at great rates of speed would often scatter fire along the track. Id. While modern railroads are undoubtedly less likely to "scatter fire along the track" than the coal burners of the 1800's, this statute still applies to their operation in Kansas today.
 
 
 7
 Kansas first adopted the common law "Fireman's Rule" in 1985 in Calvert v. Garvey Elevators, Inc., 236 Kan. 570, 694 P.2d 433 (1985). That rule provides that a fire fighter cannot maintain an action for negligence against the party who caused the risk that necessitated the fire fighter's presence in the first place. Id., 694 P.2d at 436. The court held that:
 
 
 8
 it is a public policy of the State of Kansas that a fire fighter cannot recover for injuries caused by the very wrong that initially required his presence in an official capacity and subjected the fire fighter to harm; that public policy precludes recovery against an individual whose negligence created a need for the presence of the fire fighter at the scene in his professional capacity.
 
 
 9
 Id. at 438. Thus, the Fireman's Rule "precludes recovery against an individual whose negligence created the very need for the presence of the fire fighter," id. (emphasis added), and it draws no distinction between common law negligence and statutory negligence. Thus, if the statutes at issue merely codify negligence claims against the railroad, it appears that the Fireman's Rule would preclude recovery. On the other hand, if the statutes create a different kind of liability, then the Fireman's Rule might not be applicable.
 
 
 10
 Based on the language of the statute and its interpretation in St. Joseph, Kan.Stat.Ann. Sec. 66-234 clearly provides only for a statutory negligence claim. St. Joseph, 11 Kan. at 306-07. However, Kan.Stat.Ann. Sec. 66-232 is somewhat less clear. That statute provides, in essence, that a plaintiff need only prove causation and damages in order to prove a prima facie case of negligence. Thus, at its core, section 66-232 is also a negligence statute, which merely provides for a reduced burden of proof to establish a prima facie case. It does not eliminate negligence as the basis of the claim. See Matthews, 174 U.S. at 103, 19 S.Ct. at 612 (contrasting the Kansas statute, "making the fact of fire prima facie evidence of negligence," with a similar Missouri statute, "prescribing an absolute liability").
 
 
 11
 The Butlers argue that the "Fireman's Rule" does not apply to section 66-232 because the rule is limited to negligence claims and the statute is somehow different from a negligence claim. If the statute provided for strict or absolute liability--as does the Missouri statute discussed in Matthews--then we would have a more difficult question. However, the interpretation of section 66-232 by the Kansas Supreme Court clearly indicates that the statute provides only for a special burden shifting scheme, but does not alter the nature of the cause of action as one based on negligence.
 
 
 12
 The statute does not attempt to make the railroads liable in the absence of negligence (i.e., strictly or absolutely liable), but simply shifts the burden of proof to the company when the plaintiff proves the fire was caused by the operation of the railroad and proves damages. Missouri Pac. Ry. v. Merrill, 40 Kan. 404, 19 P. 793, 795 (1888). Proof of causation results in a presumption that the railroad was negligent; however, the railroad may yet rebut the presumption, prove that it was not negligent, and thereby avoid liability. Id. at 794-95. Thus, we agree with the Railroad that section 66-232 is no more than a burden shifting statute and does not alter the nature of the claim from one based on negligence. Because sections 66-232 & 234 simply provide for negligence claims, we believe the "Fireman's Rule" is applicable to both of them.
 
 
 13
 The Butlers further argue, however, that the Kansas legislature clearly intended to provide for causes of action in all cases of injuries resulting from fires caused by a railroad. Thus, they contend that the common law "Fireman's Rule" does not apply to their statutory claim, or, if it does, the statute prevails. The Butlers argue that when a statute and common law conflict, the statute controls. See Board of County Comm'rs of Neosho County v. Central Air Conditioning Co., Inc., 235 Kan. 977, 683 P.2d 1282, 1285 (1984). However, this argument appears to logically depend on a statutory enactment that occurs subsequent to the common law rule in conflict. See id. at 1286 (holding that the statute in question served to modify prior common law and that the legislature was empowered to make such changes in the common law based on the public interest). In any event, we do not see the Fireman's Rule as conflicting with section 66-232 and 66-234, but rather as articulating a special rule for a special circumstance that was not specifically addressed by the legislation.
 
 
 14
 The Butlers also urge us to reverse the district court's decision based upon a 1968 decision by the United States District Court for the District of Kansas addressing this issue. In Daily v. Missouri Pac. R.R. Co., 298 F.Supp. 911 (D.Kan.1968), the district court held that a law enforcement officer injured while fighting fires under the direction of the county could maintain an action under section 66-232. Id. at 915. In so holding, the district court stated that a public policy defense based on the logic of the "Fireman's Rule"[2] would yield to the legislative policy expressed in section 66-232. Id. at 914. This argument suffers, however, from a number of flaws.
 
 
 15
 First, the district court in Daily was attempting to guess how the Kansas courts might interpret the "Fireman's Rule" before the Kansas Supreme Court had expressed its rationale for adopting it. Second, the passage cited by the Butlers is dicta. The district court had earlier stated that the plaintiff was a law enforcement officer--not a fire fighter--and was therefore not subject to the exemption applied to fire fighters engaged in fighting fires as professionals. Id. at 913. Third, we believe this dicta offered by the district court was simply wrong, and we are not bound to follow it. The "Fireman's Rule" is the Kansas Supreme Court's interpretation of negligence actions--including statutory ones--involving fire fighters in the performance of their duties. As such, we must follow it.
 
 III. CONCLUSION
 
 16
 Kan.Stat.Ann. Secs. 66-232 & 66-234 simply provide for negligence actions against railroads. As such, they are subject to the "Fireman's Rule" adopted by the Kansas Supreme Court for all negligence actions. We therefore AFFIRM the decision of the district court.
 
 
 
 *
 Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 As a preliminary matter, we must also address the Butlers' Rule 28(j) Motion to Supplement the Record filed after oral arguments. Fed.R.App.P. 28(j) provides for citation of supplemental authority "[w]hen pertinent and significant authorities come to the attention of a party after the party's brief has been filed, or after oral argument but before decision." The rule further provides that a party shall "without argument" state the reasons for the supplemental citations
 The Butlers' Rule 28(j) motion cites no supplemental authorities not cited earlier in the briefs, but instead attempts to reargue those issues raised earlier in briefs and oral argument. This constitutes an abuse of Rule 28(j), and we deny the Butlers' motion to supplement the record.
 
 
 [2]
 The Kansas Supreme Court did not actually adopt the rule until 1985, when it decided Calvert